[Birmingham Railway & Electric Co. v. James, Adm'x.]

# Birmingham Railway & Electric Co. v. Mollie James, Adm'x.

### Action for Death by Negligence of Railway Company.

1. *Negligence per se; what is not.*—The act of a passenger in leaving a car while it is in motion, is not negligence *per se;* the general rule being—subject to some exceptions—that it is for the jury to say whether he acted as a reasonably cautious and prudent man would act under like circumstances.

2. *Same.*—It is not negligence in law for a passenger to take, with ordinary care, a position on the steps of a car preparatory to alighting, or for him to attempt to alight from a train moving so slowly that it would not appear dangerous so to do to a man of ordinary prudence; but ordinarily the question of negligence *vel non* should be submitted to the jury.

3. *Evidence; court may state it to the jury.*—It is not without the province of the court to state to the jury the evidence, whether it is disputed or not.

4. *Negligence what is not contributory.*—It is not error in the court to charge the jury that if a train had passed its usual stopping place, at which a person had told the conductor he proposed to alight, but shortly thereafter had slowed up to an extent that seemed to be an invitation to him to alight, it was not contributory negligence for him to so attempt, if a man of ordinary care and prudence would have done so.

5. *Argument of counsel.*—Counsel has the right to state to the jury any inferences the evidence affords, even if reflective on a witness, to aid them in arriving at a correct conclusion.

6. *Negligence; contributory must be proximity to the injury.*—If the court charges the jury that it is negligence in a passenger to ride on the platform of a car in violation of the rules of the company, it is no error to add that it is a question for the jury to determine whether or not his so riding contributed proximately to an injury he received.

7. *Same.*—A charge asked by the defendant that the plaintiff's intestate came to his death as a result of his riding on the platform of the car, should be refused if it does not also state that such riding was the proximate cause of the injury which produced his death.

APPEAL from the Circuit Court of Jefferson.

Tried before the Hon. JAMES J. BANKS.

Mollie James, as administratrix of Louis H. James, sued the Birmingham Railway & Electric Company for damage for the death of her husband and intestate, caused by injuries resulting, as alleged, from the negligence of the agents of the company. The cause was tried on a count of the complaint, averring simple negligence, in that the plaintiff's intestate, being a passenger on a train of the defendant and being about to alight therefrom, the defendant so negligently conducted in and about carrying the plaintiff's intestate as a passenger that said cars were given an impetus by being pulled or jerked suddenly, so that the intestate was thrown from the platform and so injured that he died. Defendant pleaded not guilty, and contributory negligence. The evidence for plaintiff tended to show that the defendant's intestate had told the conductor that he wished to stop at a certain point, to which the conductor replied "all right;" that when the point was reached the intestate did not leave the car, but that shortly thereafter the cars slowed up, and the intestate, having a small bundle, was attempting to alight when the car was suddenly jerked forward, and he was thrown to the ground and under the moving train, and so injured that he died. The conductor swore that the intestate was drunk, and misbehaved himself by making faces at some colored women in the front end of the car while he was standing on the platform, and by saying foolish things and by swearing. This evidence was contradicted. Basing his argument on these statements of the conductor, the counsel for the plaintiff made this remark to the jury: "Not satisfied with taking the life of the man, this witness attempts to rob him of his good name." The defendant asked the court to instruct the jury that such argument was improper. The court refused. The defendant asked in charge No. 1 that if the death of the plaintiff intestate was the result of his riding on the platform, while the car was in motion, the jury should find for the defendant. It was refused. The charges in connection with the charge given to defendant, and which are alluded to in the opinion as being on page 30 of transcript, assert

the proposition that the negligence in riding on the platform must have contributed proximately to the injury complained of. To the refusals herein noted the defendant excepted and assigns them as error.

Affirmed.

WALKER, PORTER & WALKER, for appellant.—While it is the duty of those in charge of a street car not to start the car while passengers are alighting from it, this rule applies only to a car that has been stopped in order that passengers may alight from it.—*Birmingham Union Railway Co. v. Smith,* 90 Ala. 60; see also on question of negligence, *Birmingham Railway & Electric Co. v. Clay,* 108 Ala. 233.

BOWMAN & HARSH, *contra.*—The case of *Watkins v. Birmingham Railway & Electric Co.,* 23 So. Rep., is decisive of this case. Injury must be the proximate result of negligence on the part of the person injured to defeat recovery.—*L. & N. R. R. Co. v. Kelsey,* 89 Ala. 287; *Pryor v. L. & N. R. R. Co.,* 90 Ala. 32; as to passenger leaving moving car.—*Walkins v. Ry. & Elec. Co.,* 24 So. Rep.

HARALSON, J.—In a case of recent impression in this court, the principles governing this appeal, in its essential features, was fully discussed and settled. It was there held sanctioned as stated by the great weight of authority, many of which are cited, that the act of a passenger in leaving a car while it is in motion, is not negligence *per se.* It is stated also that there are some exceptions to this rule, such as the great speed of the train, the age or infirmity of the passenger, or his being incumbered with bundles or children or other facts which render the attempt to alight so obviously dangerous that the court may, as a matter of law, when the testimony is undisputed, declare that the passenger's conduct was reckless and negligent. "But ordinarily, it is for the jury to say whether he acted as a reasonably cautious and prudent man would act under like circumstances." Again, the doctrine is there expressly recognized, that it is not negligence in law for a passenger to take, with ordinary care, a position on the steps of a car

preparatory to alighting, nor for him to attempt to alight from a train moving so slowly, that it would not appear dangerous to do so, to a man of ordinary prudence; but it was further held that, ordinarily, the question of negligence *vel non* should be submitted to the jury.—*Watkins v. Birmingham Railway & Electric Co.*, 24 So. Rep., 392. As further applicable to one phase of this case, we may extract from that decision what was said in reference to increasing the speed of a train at a moment when a passenger is presumed to be about to alight, as follows: "There were no exceptional circumstances attendant upon appellant's attempt to alight from the car, or upon his taking a position on the step preparatory to alighting, that rendered his conduct so obviously dangerous as to justify the court in declaring it negligence as a matter of law, and withdrawing from the jury the issue of negligence on the part of the plaintiff. He had notified the conductor that he desired to get off at 24th street, and, when the train slowed up on approaching the crossing, he had a right to assume, that it was being slowed up for the purpose of enabling him to get off, and that its speed would be gradually lessened until it stopped at the crossing, rather than increased with a sudden jerk. He assumed, of course, the risk of the ordinary movement of the train slowing up at a street crossing to let off a passenger, but not the risk of a sudden negligent movement at the very place where, and moment when, it should have stopped, and, where, in view of the commonly known custom of passengers on street cars, permitted, if not actually encouraged by the companies—those in charge of the train, after having been notified to stop, should have known of the position of the plaintiff."

The witness Brooks, for the defendant, was the conductor on the train. Through his negligence, as the evidence tended to show, James was carried beyond his destination, and thus he contributed certainly though not proximately to the injury which caused his death. He testified that deceased was drunk, used profane language on the cars, and misbehaved himself in making faces while he was on the platform, at some colored women inside the car. There was evidence tending to show that

these statements were not true. The argument of counsel excepted to, was based on this evidence, and he had the right to state any inferences the evidence afforded even if reflective on the witness, to aid the jury in arriving at a correct conclusion.—*Birmingham R. & E. Co. v. Wildman*, 24 So. Rep., 548; *Brown v. State*, 121 Ala. 9.

The court in its oral charge, stated that "Some of the testimony offered by the defendant tends to show that the car stopped at 39th Street Station." It is insisted that the use of the word *"some"* in the charge rendered it erroneous, for that each of the five witnesses examined by defendant testified that the car stopped at said station. In this, counsel have fallen into inadvertent error. Dickinson, who was a passenger and examined by defendant, did not testify positively that the car stopped, but stated, that to the best of his recollection, the train stopped at the station. Moreover, the court did not charge, that some of the defendant's *witnesses* testified that the car stopped, but that *some of the testimony* offered by defendant tended to show that the car stopped. This statement was literally true. *All* the testimony offered by defendant was not introduced to show, and did not tend to show, that the train stopped.

The other part of the oral charge excepted to, that "some of the witnesses for (plaintiff) testifying that it (the train) so nearly stopped, that its motion was almost imperceptible," is quite as unsubstantial as the foregoing exception. In point of fact, one of the plaintiff's witnesses, P. D. Self, testified, that the car "rolled by the station about 10 or fifteen feet and then slowed up almost to a stand-still. It was hard to tell whether it was going or standing still." A fair construction of this language would be "that its motion was almost imperceptible." But, more than that, the court, after using that expression, added, "I believe that was the language of the witness. Lest I trench upon your province, however, I withdraw that statement from you, and simply say, that the testimony of some of the witnesses for the plaintiff tends to show that some feet beyond 39th street crossing, the cars slowed up," and that statement was literally true. It was not without the province of the

court to state to the jury the undisputed, as well as the disputed evidence.—Code 1896, § 3326.

There was no error in those portions of the court's charge, made the basis of assignments 4 and 5. These charges are consistent with principles decided in *Watkins'* case *supra*. The fact that deceased had a single bundle under his left arm while on the train, which one of the witnesses stated looked like dry goods, and about eight inches in diameter by 10 or 12 in length, was not shown to have incumbered him at all. The charge fairly left to the jury the question of contributory negligence in attempting to alight from the car before it came to a full stop.

There was no vice in the other part of the oral charge, assigned as number 6. The court had just charged the jury that it was negligence in the deceased to ride on the rear platform, and then follows the part of the charge excepted to, viz: "Then the question for you to determine is, whether or not the want of care on his part contributed proximately to his injury? Would his injuries have been inflicted any way, whether he was riding on the rear platform or not? If they would, why then, that would not be the proximate contributory cause." We fail to discover that there was any error in this instruction. It is well understood that negligence which did not contribute to the injury will not defeat a recovery.

The court at the request of defendant, the plaintiff's counsel consenting thereto, charged, "that the undisputed evidence shows that Lewis H. James was guilty of negligence in riding on the platform or steps of the car against or in violation of the rules of the defendant."

The court gave at the instance of plaintiff, as would seem in connection with the foregoing, the two charges (on page 30 of transcript) to which defendant excepted. These charges when referred to the evidence in the case, were proper instructions.

The 1st charge asked by defendant was properly refused, if for no other reason, for that it did not hypothesize deceased's riding on the platform as the proximate cause of his injury.—*Thompson v. Duncan,* 76 Ala. 334; *McDonald v. Montgomery St. R. Co.,* 110 Ala. 161.

The remaining refused charges all present in one form

[Burk *et al.* v. Josiah Morris & Co.]

or another, and more or less plainly, the same question—whether it is contributory negligence for a passenger when approaching his destination to attempt to leave a moving train, or to go upon the platform, or steps while the same is slowing up for the station. This question, as we have seen, has, by the decisions of this court above referred to, been settled adversely to appellant.

We find no error in the rulings of the court below in the trial of the cause, nor in overruling the motion for a new trial.

Affirmed.