137  627
144  315

# Russell *v.* Huntsville Railway, Light & Power Co.

*Action against Street Railway Company to recover Damages for Killing Dog.*

1. *Action against street railway for killing dog; sufficiency of complaint.*—In an action against a street railway to recover damages for killing a dog, a complaint, which after averring the operation of defendant's railway on a certain designated day, then avers that the defendant ";while operating said railway on said date through its agents, did carelessly and wantonly run over and kill a valuable pug dog, the property of the plaintiff," states a cause of action.

2. *Same; same.*—In such a case, a complaint which avers that while operating its railway the defendant "through one of its agents, a motorman in charge of car No. 10, did wantonly, recklessly and willfully run over and kill a pug dog, the property of the plaintiff, to the damage of the plaintiff in the sum of one hundred dollars," states a cause of action for the reckless, wanton and willful running over and killing of an animal.

3. *Plea in abatement; issue thereunder.*—Where a cause is carried to the circuit court by appeal from a judgment rendered by a justice of the peace, and in the circuit court the defendant interposes a plea in abatement setting up the want of jurisdiction in the justice of the peace before whom the suit was instituted, and in said plea three facts are averred to show the want of jurisdiction, and upon this plea the plaintiff takes issue, proof of each of the facts as averred in the plea

is essential to the proper finding for the defendant on said plea; and if from the evidence different inferences may be drawn by the jury as to any one of the facts, the general affirmative charge in favor of either party is properly refused.

4. *Judicial notice of public officers; admissibility of evidence in reference thereto.*—Courts are required to take judicial notice of the various commissioned officers of the State, and may refuse to receive record or parol proof relating to the appointment of an officer or the extent of his jurisdiction.

APPEAL from the Circuit Court of Madison.

Tried before the Hon. OSCEOLA KYLE.

This was an action brought by the appellant, Mrs. F. P. Russell, against the Huntsville Railway, Light & Power Company, to recover damages for killing a pug dog.. This suit was commenced before J. W. Wall, a notary public and *ex officio* justice of the peace.

From a judgment in favor of the plaintiff assessing her damages at ten dollars, an appeal was taken to the circuit court. In the circuit court the following complaint containing two counts was filed: "1. Plaintiff claims of the defendant the sum of one hundred dollars for that on the 26th day of September, 1900, defendant owned and operated an electric street railway in the city of Huntsville, county and State aforesaid, and, while operating said railway on said date, through its agents, did carelessly and negligently run over and killed a valuable pug dog, the property of plaintiff.

"2. Plaintiff claims of the defendant the sum of one hundred dollars for that on the 26th day of September, 1900, defendant owned and operated an electric street railway in the city of Huntsville, Madison county, Alabama, and, while so operating said railway on said date, through one of its agents, a motorman in charge of car No. 10, did recklessly, wantonly and wilfully run over and kill a pug dog, the property of the plaintiff to the damage of the plaintiff in the sum of one hundred dollars, hence this suit."

To this complaint the defendant demurred, among others, upon the following grounds: 1. It is not shown in said complaint that the motorman in charge of defendant's car could have prevented the injury to the plaintiff's dog by the use of ordinary care and diligence. 2.

It is not alleged in said complaint that defendant or its agents or employes in charge of its said car, was aware of said dog's presence on its said track, or ought to have known or had reason to know it at the time of said alleged injury. 3. It is not shown by said complaint in what the alleged negligence of the defendant or its agents or employes consisted.

The grounds of demurrer above set forth were sustained. Thereafter the plaintiff amended her complaint by adding to each count of the complaint the following averments: "The motorman in charge of said car could have prevented the injury to plaintiff's dog by the use of ordinary care and diligence, and said motorman in charge of said car knew or had reason to know or ought to have known of said dog's presence on said track at the time of said alleged injury."

The defendant filed a plea in abatement which is copied in the opinion.

On the trial of the issue made up on the plea in abatement, the plaintiff introduced in evidence a portion of the charter and code of the city of Huntsville, showing the boundaries of Ward One in the city of Huntsville. The plaintiff also introduced two witnesses who on direct examination testified that the plaintiff's place of business was located in the First ward of the city of Huntsville. Upon cross examination, each of these witnesses, after the said charter had been read to each of them, testified that the plant, power house and car shed was at the time and had always been located in the Fourth ward, but that to the best of his recollection the defendant had temporary offices in the First ward in the city during the months of September and October, 1900. It was further shown by the evidence that the accident occurred in September, 1900, and that said accident occurred in the Third ward of the city of Huntsville.

During the examination of J. W. Wall, as a witness, he testified that he was the justice of the peace before whom the suit was instituted. The plaintiff then offered to prove by the record of the original commission and by parol that at the time of the institution of the suit before J. W. Wall, on October 3, 1900, and at the time

of the trial and termination of the suit by said justice on October 9, 1900, said J. W. Wall was acting under the commission appointing him to the office of notary publice and *ex officio* justice of the peace for Precinct No. 1 in Madison county. The court declined to allow the plaintiff to make this proof or any other proof as to the appointment of J. W. Wall, and to each of such rulings the plaintiff separately excepted. The evidence for the defendant tended to show that the defendant's place of business was not in Ward One in the city of Huntsville at the time of the institution of the suit or of the accident.

Upon the introduction of all the evidence the plaintiff requested the court to give to the jury the following written charges, and separately excepted to the court's refusal to give each of them as asked: (1.) "If the jury believe the evidence, they must find for the plaintiff." (2.) "The Huntsville Railway, Light & Power Co., a corporation, may be sued in any ward in which it does business by agent." (3.) "Even if the jury believe from the evidence that the cause of action arose out of the First ward of the city of Huntsville, still, if you further believe from the evidence that the defendant had a permanent residence in said First ward, your verdict should be for plaintiff."

There was judgment for the defendant upon the plea in abatement. The suit was ordered abated and dismissed. From this judgment the plaintiff appeals, and assigns as error the several rulings of the trial court to which exceptions were reserved.

THOMAS C. MAPOTHER, for appellant.—Courts are authorized and *required* to take judicial notice of the various commissioned officers of the State, and to know the extent of their authority, their official signatures, and their respective terms of office.—*Cary v. State,* 76 Ala. 78. This rule applies to a justice of the peace. *Sandlin v. Anderson,* 76 Ala. 403. And to notary publice and *ex officio* justice of the peace.—*Coleman v. State,* 63 Ala. 93.

No counsel marked as appearing for appellee.

SHARPE, J.—In the complaint as it stood when the demurrer was ruled on, the first count averred as the wrong complained of, a specific act of negligence, namely, that the defendant while operating its railway, through its agents, did carelessly and negligently run over and kill "plaintiff's dog." It was not subject to the demurrer.—See *Western R. Co. v. Lazarus*, 88 Ala. 453; *Stanton v. L. & N. R. R. Co.*, 91 Ala. 382. Likewise, the second count in the complaint as it then stood was free from the objections taken by the demurrer. It declared not on negligence, but on what was conjunctively averred to have been a reckless, wanton and willful running over and killing of the animal.

Before the jury the cause was tried alone on a plea in abatement which averred three facts, intended apparently to show that the cause did not originate in a court having jurisdiction, viz.: That "John W. Wall was and is a notary public and *ex officio* justice of the peace for the First ward of the city of Huntsville, Madison county, Alabama, and that said dog was injured and killed outside of said First ward of the city of Huntsville, and defendant's residence is outside of said First ward of city of Huntsville." The first of these alleged facts was within the judicial knowledge and the court was not bound to receive proof respecting it.—*White v. Rankin & Co.*, 90 Ala. 541; *McCarver v. Herzberg*, 20 Ala. 523; *Cary v. State*, 76 Ala. 78. It was proven without conflict in evidence that the animal was killed outside of the First ward, but about the third fact, viz.: whether defendant's residence was outside the First ward, the evidence was such that different inferences might have been drawn from it. The averment of that fact made it material whether it would otherwise have been so or not, and a finding of the truth of that averment was essential to a proper finding for the defendant, on that plea. Therefore, the court erred in refusing to give charge 3 requested by the plaintiff. Plaintiff was not entitled to have given either charge 1 or 2. The latter charge had no bearing on the issue tried, since the same involved merely the question of whether the facts averred were true.

The judgment will be reversed and the cause remanded.