[Birmingham Ry. Light & Power Co. v. Jones.]

# Birmingham Ry. Light & Power Co., v. Jones.

### *Action for Damages for Death of a Child.*

(Decided April 28th, 1906.　41 So. Rep. 146.)

1.  *Street Railroads; Injuries to Persons on Track; Complaint; Allegation of Negligence.*—In an action for damages for the death of a child caused by being struck by a car, a complaint which alleges that the car ran against the child, and that he died by reason of and as a proximate consequence of the negligence of the company in or about the management of the car, states a good cause of action in simple negligence.

2.  *Same; Wantonness.*—A complaint which alleges that the company wantonly caused or allowed the car to run against a child, and thereby wantonly and intentionally caused the death of the child sufficiently states a cause of action for intentional wrong.

3.  *Negligence; Contributory Negligence; Wantonness; Defenses.*—Contributory negligence is no defense to a charge of wanton or intentional wrong.

4.  *Trial; Instruction; Assumption of Facts Undisputed.*—It is not reversible error to assume in a charge, facts that are not disputed.

5.  *Negligence; Contributory Negligence; Infants.*—A child between the age of 7 and 14 years is *prima facie* incapable of exercising judgment and discretion so as to be guilty of contributory negligence, but capacity may be shown by proof.

6.  *Street Railroads; Injury to Persons on Track; Instructions.*—A charge which fails to hypothesize that the proximate cause of the injury was the failure of the motorman to do all that a reasonably prudent motorman would have done under the circumstances to save the life of the child, was bad, and its giving error.

7.  *Negligence; Contributory Negligence; Infants.*—Capacity on the part of a child under 14 years of age to know danger is not of itself sufficient to render him guilty of contributory negligence in doing a thing which would be negligence in an older person.

8.  *Trial; Instructions; Ignoring Facts.*—A charge ignoring the duty of the motorman to keep a proper lookout for persons on the track is bad and properly refused.

APPEAL from Birmingham City Court.

Heard before HON. CHAS. A. SENN.

This was an action by Bettie Jones, administratrix against appellant for damages resulting from the death of a child nine years old. The child was killed by a street car operated by appellant while crossing appellant's track. The issues made by the complaint and pleas and as presented by the charges, are as follows:

Count 1: "Plaintiff claims of the defendant $20,000 damages, for that on the 23d day of July, defendant was operating a certain car by means of electricity upon a railway in Birmingham, Ala.,; that when said car was at a point upon said railway where same was on grade, with a certain street, to-wit, Twenty-Second street, at its interesection with Avenue D, in said city, said car ran upon or against plaintiff's intestate, Harry Lee Jones, who was under 14 years of age, to-wit, of 9 years of age, and so injured him that he died. Plaintiff alleges that said car ran upon or against her said intestate, and that he died as aforesaid, by reason of and as a proximate consequence of the negligence of the defendant in or about the management of said car." Count 2: "Plaintiff refers to and adopts all the words and figures of the first count, from the beginning thereof to and including the words 'that he died,' where they first occur together in said count. Plaintiff adds thereto the following words of averment: Defendant, through its agents upon said car, wantonly or intentionally caused or allowed said car to run upon or against said intestate as aforesaid, and thereby wantonly or intentionally caused the death of plaintiff's said intestate as aforesaid. The defendant interposed several grounds of demurrers to these counts, which were overruled, whereupon the defendant interposed pleas of the general issue and several pleas of contributory negligence, in that he was negligent in the way in which he went upon and conducted himself while on the track of the defendant, and that he negligently went upon and remained on the street railway track of

the defendant without stopping or looking or listening for approaching cars upon such track, and that he negligently went upon or remained upon defendant's street railway track in front of an approaching car on said track."

Demurrers were sustained to the pleas of contributory negligence as answer to the second count of the complaint. The evidence for the plaintiff tended to show that the plaintiff's intestate was killed by a car on defendant's railway at or near the crossing of Twenty-Second street and Avenue B, in the city of Birmingham, on the date mentioned in the complaint. It further tended to show that he crossed the track about 125 feet in front of the car, walking pretty fast; that after crossing the track his hat blew off and fell right in the middle of the car line. He turned back to get it, and while stooping down to pick it up the car struck him; that when he stooped down to pick up the hat the car was then about 10 feet from him. Evidence also tended to show that no whistle was blown and the gong was not rung before it struck him. It is further shown that the car was going at a speed indicating no intention on the part of the motorman to stop it. The evidence for the defendant tended to show that at the time the boy was struck the bell on the car was being rung fast and loud; that the boy came out of an alley diagonally across the track; that the boy was running, and looked back to see how far the car was, and as the car was getting pretty close to where he was the boy increased his speed, as if to try to get across the track before the car got there; that the motorman was ringing the bell and holding onto his brake pretty tightly; that the car was 2 or 2 1-2 feet from the boy when he got on the track; and that the car ran about 35 or 40 feet after it struck him.

The plaintiff requested the following charges, which were given: Charge 1: "Under the undisputed evidence in this case, if the jury believe it, plaintiff's intestate was under 14 years of age." Charge 2: "A boy under

14 years of age is prima facie presumed to be too young to be held responsible for lack of care and diligence for his own safety." Charge 3: "Even if the jury should be satisfied from the evidence that plaintiff's intestate was guilty of contributory negligence in subjecting himself to danger of being run upon by the car, yet if the jury are further reasonably satisfied from the evidence that, after the motorman became aware of the danger of plaintiff's intestate, he failed to do all that a reasonably prudent and cautious motorman could and would have done under the same circumstances to save the life of plaintiff's intestate, then such contributory negligence of plaintiff's intestate is not the proximate cause of his death, and the jury cannot find for the defendant under its plea of contributory negligence." Charge 4: "If the jury are reasonably satisfied from the evidence that the defendant's motorman in charge of the car consciously failed, after he became aware of the peril of plaintiff's intestate, to do all in his power with the means at hand known to him to save the life of plaintiff's intestate, and that the death of plaintiff's intestate was the proximate cause of such failure, as charged in the second count of the complaint, then the motorman would be guilty of wantonness, and the jury will find for the plaintiff, even though the jury should believe that plaintiff's intestate was himself guilty of contributory negligence which proximately helped to bring about his death." Charge 5: "In this cause it is not necessary for plaintiff to prove her case beyond a reasonable doubt, but plaintiff's case is made out if the jury are reasonably satisfied from the evidence that either the first or second count of plaintiff's complaint is true." Charge 9: "Mere capacity to know danger, though it exists in a boy under 14 years old, is not necessarily sufficient to make him guilty of contributory negligence in doing a thing which would be negligence in one of mature age."

The defendant requested the following charges which were refused: Charge 3: "If from all the evidence you

believe that the motorman did everything that could have been done to prevent the car from running over the boy, you must render your verdict in favor of the defendant." Charge 5: "If you believe from the evidence that the motorman saw the boy running in a diagonal direction towards the track, that when he saw the boy running towards the track the motorman sounded his gong repeatedly to warn the boy of the approach of the car, that when the boy was 8 or 10 feet from the track and the car was 8 or 10 feet from the boy he looked towards the car and immediately increased his efforts to get across the track in front of the car, that as soon as the motorman saw the boy running towards the track he put the brake on and reduced the speed of the car from 7 or 8 miles an hour to 4 or 5 miles an hour, that when the boy looked towards the car the speed of the car had been reduced to 4 or 5 miles an hour, and as soon as the motorman saw that the boy was going upon the track in front of the car the motorman reversed the car and did all he could to stop the car and prevent striking the boy, you must find your verdict for the defendant.

There was a verdict and judgment for plaintiff for $5,000.

TILLMAN, GRUB, BRADLEY & MORROW, for appellant. —The first count is subect to the demurrer assigned, because it is too vague and uncertain in its averments of negligence. The second count tends to charge wanton or intentional negligence. The averments are sufficient to charge an intentional act, but are not sufficient in averments of wantonness.

The second count not properly averring wantonness, the defendant's pleas of contributory negligence were good answers to that count and the defendant's demurrers should have been overruled. Charge 1 given for plaintiff invades the province of the jury. Charge 2 should not have been given.—*L. & N. R. R. Co. v. Marbury Lumber Co.*, 125 Ala, 235; *L. & N. v. Reese*, 85 Ala.

502; *Western v. Harwell,* 97 Ala. 348. The court erred in giving charge 3 for plaintiff. Charge 4 was likewise erroneous.—*L. & N. R. R. Co. v. Markee,* 103 Ala. 171. The fifth and ninth charges were improperly given.—*Worthington v. Goforth,* 124 Ala. 656. The charges requested by the defendant and refused by the court, correctly state the law and should have been given.

BOWMAN, HARSH & BEDDOW, for appellee.—Defendant's demurrers to the first count were properly overruled. It is the duty of those operating street cars to lookout for and take precautions to prevent inury to those using streets.—Elliott on Streets and Roads, § 767, p. 827; Nellis Sur. St. R. R., p. 292, with many citations; *Lanfer v. Bridgeport Trac. Co.,* 37 L. R. A. 533; *Mtgy. St. R. R. Co. v. Shanks,* 37 Sou. 166, (Ala.); *E. E. Sample v. Con. Light & Ry. Co.,* 57 L. R. A. 186; Thompson on Neg. 2 Vol., §§ 1382-1384.

By analogy to Alabama code forms allegations of negligence are allowed to be very general.—*L. & N. R. R. Co. v. Jones,* 83 Ala. 376; *Armstrong, Admr. v. Mtgy. St. Ry. Co.,* 123 Ala. 244; *C. of G. Ry. v. Freeman,* 134 Ala. 354; *Bear Creek Mill Co. v. Parker,* 134 Ala. 293; *L. & N. R. R. Co. v. Marbury Lum. Co.,* 125 Ala. 237.

Demurrers to the second count were properly overruled. Plaintiff's second count as amended properly charges wantonness or intentional wrong.—*L. & N. R. R. Co. v. Orr,* 121 Ala. 489; *Russell v. Huntsville Ry. L. & P. Co.,* 137 Ala. 627; *C. of G. Ry. Co. v. Foshee,* 125 Ala. 199; *Haley v. K. C. M. & B. R. Co.,* 113 Ala. 651; *M. & C. R. R. Co. v. Martin, Admr.,* 117 Ala. 381.

Plaintiff's demurrers to pleas of contributory negligence to second count were properly sustained. Contributory negligence is no answer to wantonness.—*L. & N. R. R. Co. v. Watson,* 90 Ala. 68; *L. & N. R. R. Co. v. Orr, Admr.,* 121 Ala. 499; *L. & N. R. R. Co. v. Markee, Admr.,* 103 Ala. 160.

Charge number one states the undisputed evidence.

[Birmingham Ry. Light & Power Co. v. Jones.]

The only witness actually testifying to the age of the boy was the mother, who puts the age at nine years.

Charge number two is but a statement of a legal proposition laid down by this as well as other courts.—*Pratt Coal & Iron Co. v. Brawley,* 83 Ala. 374; *Jefferson, pro ami v. B. R. & E. Co.,* 116 Ala. 299; *Lovell v. DeBardeleben Coal & Iron Co.,* 90 Ala. 13.

The authorities cited below are clear authority for giving this charge: *McGee, et al v. Willis Admr.,* 131 Ala. 292; *M. & C. R. R. Co. v. Martin,* 30 Sou. Rep. 830; *C. of G. Ry. Co. v. Lamb,* 124 Ala. 172; *C. of G. Ry. Co. v. Foshee,* 125 Ala. 199; *L. & N. R. R. Co. v. Brown,* 121 Ala. 222.

This charge predicates all the elements of wantonness as set out in the following cases: *B. R. & E. Co. v. Pinckard,* 124 Ala. 374; *B. R. & E. Co. v. Bowers,* 110 Ala. 382; *L. & N. R. R. Co. v. Anchors,* 114 Ala. 498 and cases cited therein.

Charge 5 states a legal truism.

Charges 6 and 7 state indisputable propositions.

Charge 8 draws attention to the lack of that element in wantonness which distinguishes it from intentional infliction of injury as distinguished in many cases.— *B. R. & E. Co. v. Pinckard, supra; B. R. & E. Co. v. Bowers, supra; L. & N. R. R. Co. v. Anchors, supra.*

HARALSON, J.—The first count was sufficient to charge simple negligence, the negligence complained of relating to the management or control of the car.— *L. & N. R. R. Co. v. Marbury Lumber Co.,* 125 Ala. 237, 28 South. 438, 50 L. R. A. 620; *Bear Creek Mill Co. v. Parker,* 134 Ala. 293, 32 South. 700; *C. of G. R. R. Co. v. Freeman,* 134 Ala. 354, 32 South. 778; *M. & O. R. R. Co. v. George,* 94 Ala. 216, 10 South. 145.

The second count properly charged wantonness or an intentional wrong.—*Russell v. Huntsville R. R.,* 137 Ala. 627, 34 South. 855; *C. of G. R. R. v. Foshee,* 125 Ala. 199, 27 South. 1006.

[ Birmingham Ry. Light & Power Co. v. Jones.]

Contributory negligence is no defense to a count charging wantonness and the intentional killing of deceased, and the demurrers to said pleas setting up that defense, as to the second count, were properly sustained.—*L. & N. R. R. Co. v. York,* 128 Ala. 305, 30 South. 676; *Highland Avenue & Belt R. R. v. Robbins,* 124 Ala. 118, 27 South. 422, 82 Am. St. Rep. 153; *L. & N. R. R. Co. v. Markee,* 103 Ala. 160, 15 South. 511, 49 Am. St. Rep. 21.

Charge 1 for plaintiff stated an undisputed fact, and while the trial court would not be reversed for refusing it, it was not reversible error to give it.

A child between 7 and 14 years of age is prima facie incapable of exercising judgment and discretion, but evidence may be received to show capacity. There was no error in giving charge 2.—*Pratt Coal Co. v. Brawley,* 83 Ala. 371, 3 South. 555, 3 Am. St. Rep. 751; *Government St. R. R. Co. v. Hanlon,* 53 Ala. 70.

Charge 3, for the plaintiff, if not faulty in other respects, after hypothesizing the failure of the motorman to do all that a reasonably prudent and cautious motorman could and would have done under the circumstances to save the life of plaintiff's intestate, fails to further hypothesize, that such failure itself proximately caused the injury, without which averment the charge was faulty, and its giving was error.—*L. & N. R. R. Co. v. Anchors,* 114 Ala. 492, 22 South. 279, 62 Am. St. Rep. 116.

Charge 4 requested by the plaintiff contains the averments lacking in the third charge, and this redeems it from error.

Charge 5 states a truism. The plaintiff made out her case if either count was proved. The defendant could have requested a charge explanatory of the effect of contributory negligence upon the 1st count, if it deemed that important.

We have not been shown that there was reversible error in giving charge 9, requested by the plaintiff.

[Wilson v. Louisville & Nashville R. R. Co.]

Charge 3, refused to the defendant, was misleading if not otherwise faulty. It ignores the duty of the motorman to keep a lookout for persons or obstructions on the track.

The fifth charge refused to the defendant was argumentative and gave undue prominence to one phase of the evidence.—*Ross v. State*, 139 Ala. 144, 36 South. 718. Besides, the charge given for defendant on top of page 10 of the transcript, which we have marked A, was in effect substantially the same as this refused charge and equally as favorable to the defendant.

The judgment of the city court is reversed and the cause remanded.

Reversed and remanded.

Dowdell, Anderson, and Denson, JJ., concur.

*Action for Damages for Personal Injury.*

