# Birmingham Railway, Light & Power Co. *v.* Daniel.

### *Injury to Animal.*

(Decided Dec. 21, 1911.  57 South. 119.)

1. *Street Railways; Damage to Animal; Complaint.*—A complaint alleging that the street railway company through its agent, to-wit, its motorman who had charge of a car, negligently ran the car against and killed a valuable horse, the property of the plaintiff, the said motorman acting at the same time within the scope and line of his employment, sufficiently states a cause of action.

2. *Same; Operation; Ownership of Car.*—If the street railway was operating the car that struck the horse, it would be answerable in damages whether it was the owner of the car or not, the other necessary elements appearing.

APPEAL from Jefferson Circuit Court.

Heard before Hon. E. C. CROW.

Action by F. B. Daniel against the Birmingham Railway, Light & Power Company, for damages for injury to a horse. Judgment for plaintiff and defendant appeals. Affirmed.

TILLMAN, BRADLEY & MORROW, and L. C. LEADBEATER, for appellant. Counsel discuss the complaint as

amended and insist that it was subject to the demurrer interposed, but cite no authority in support of their contention.

FRANK S. ANDRESS, for appellee. The complaint was sufficient, and the court properly overruled demurrers thereto.—*Russell v. Huntsville R. L. & P. Co.*, 137 Ala. 28; *C. of G. Ry. Co. v. Edmonson*, 135 Ala. 338; *W. Ry. v. Lazarus*, 88 Ala. 453; *Stanton v. L. & N.*, 91 Ala. 382.

DE GRAFFENRIED, J.—The first count of the complaint in this case was as follows: "The plaintiff claims of defendant the sum of $1,000 as damages for that on, to wit, the 5th day of May, 1910, the defendant operated an electric street railway in Birmingham, Jefferson county, Ala.; that while operating said railway on said date when at or near Thirty-eighth street and First avenue, in said city, *the defendant through its agent, to wit, its motorman,* who had charge of said car, *negligently ran said car against and killed a valuable horse,* the property of plaintiff. The said motorman was acting within the scope and line of his employment at the said time said horse was struck by said car." The appellant challenges the sufficiency of the above count as a legal statement of a cause of action, and that is the only question presented by this record for our determination. The italics in the above count are ours, and, reading the italicized words together, we have: *"The defendant through its agent, to wit, its motorman, negligently ran said car against and killed a valuable horse."* Who, according to the above count, *negligently ran said car?* The count says the defendant did so. Through whom did it *run said car?* The count says that it did so through its motorman. The count further says that "the said motorman was acting within

the line and scope of his employment at the time said horse was struck by said car." If the defendant negligently ran the car through *its* agent, to wit, its motorman, and the motorman, at the time, was acting within the scope and line of his employment, necessarily the motorman was acting as the agent of the defendant. Otherwise the defendant was not "through *its* agent, to wit, *its* motorman," running the car, as the above count alleges it was doing when the horse was killed.

The appellant claims that the count is also defective because it does not allege that *"said* car" was appellant's car. This can make no difference. If appellant negligently ran a car which did not belong to it over the appellees horse, the appellant would be liable to the same extent as if the car was in fact its own property. To use a stock expression, the count may have been "inartificially drawn," but, under the decisions of the Supreme Court, it was a sufficient statement of a cause of action by the appellee against the appellant.—*Russell v. Huntsville R. L. & P. Co.,* 137 Ala. 627, 34 South. 855.

The judgment of the court below is affirmed.
Affirmed.