(88 South. 29)

McVOY v. CHASSIN.    (1 Div. 386.)

(Court of Appeals of Alabama. Jan. 18, 1921.)

1. NEGLIGENCE ⬤⟿100—CONTRIBUTORY NEGLIGENCE NO DEFENSE TO ACTION FOR WANTON OR INTENTIONAL INJURY.

Contributory negligence is not a defense to an action for wanton or intentional injury in the operation of an automobile.

2. MUNICIPAL CORPORATIONS ⬤⟿706(1)—PLEA OF CONTRIBUTORY NEGLIGENCE OF BICYCLE RIDER HELD NOT TO SHOW THAT CONDUCT WAS NEGLIGENT.

A plea alleging that plaintiff, while riding a bicycle east on the north side of the street, negligently drove or operated it from the north side to the south side, and negligently ran it against defendant's automobile, did not show it was negligence to drive or operate the bicycle from one side of the street to the other.

3. PLEADING ⬤⟿8(17)—CONTRIBUTORY NEGLIGENCE MAY NOT BE SHOWN BY PLEADER'S CONCLUSIONS.

That conduct or acts harmless and prudent in themselves constituted contributory negligence must be shown otherwise than by mere conclusions of the pleader that they were negligent.

4. APPEAL AND ERROR ⬤⟿1040(7)—SUSTAINING OF DEMURRER TO PLEA HELD HARMLESS, BECAUSE MATTER PROVABLE UNDER GENERAL ISSUE.

In an action for injuries sustained in a collision between an automobile and a bicycle, a plea that plaintiff, while riding east on the north side of the street, negligently drove or operated his bicycle from the north side to the south side, and ran it against the automobile, constituted a mere denial of the negligence alleged in the complaint, competent to be shown under the general issue; and hence the sustaining of demurrers thereto, if error, was harmless.

Appeal from Circuit Court, Mobile County ; Joel W. Goldsby, Judge.

Action by Frank Chassin, by next friend, against J. N. McVoy, for damages for personal injuries suffered in an automobile accident. Judgment for the plaintiff, and defendant appeals. Affirmed.

---

[3] Reported in full in the Southern Reporter; reported as a memorandum decision without opinion in Ala.

═══════

Webb, McAlpine & Grove, of Mobile, for appellant.

Plea 3, as amended, was good as to count 1, and the court erred in sustaining demurrers thereto. 60 Ala. 621; 61 Ala. 376; 67 Ala. 114; 77 Ala. 448, 54 Am. Rep. 72; 166 Ala. 519, 52 South. 52; 171 Ala. 310, 55 South. 107; 100 Ala. 451, 14 South. 287; 149 Ala. 474, 42 South. 1019; 103 Ala. 160, 15 South. 511, 49 Am. St. Rep. 21; 144 Ala. 142, 39 South. 311, 113 Am. St. Rep. 24; 183 Ala. 273, 61 South. 80, Ann. Cas. 1916A, 543.

Brown & Kohn, of Mobile, for appellee.

The plea was insufficient as a plea of contributory negligence. 15 Ala. App. 448, 73 South. 763; 200 Ala. 308, 76 South. 74; 191 Ala. 436, 67 South. 597; 149 Ala. 471, 43 South. 110; 163 Ala. 237, 50 South. 1025; 168 Ala. 567, 53 South. 138; 170 Ala. 565, 54 South. 184; 179 Ala. 136, 59 South. 584.

MERRITT, J. This is a suit by the plaintiff (appellee) against the defendant (appellant) to recover damages for personal injury alleged to have been suffered by the plaintiff on account of the negligence of the defendant in the operation of an automobile.

The first count of the complaint claimed damages on account of simple negligence, while the second claimed damages on account of wanton and willful negligence.

[1] The defendant pleaded the general issue and a special plea of contributory negligence to each count of the complaint. Demurrers were interposed and sustained as to the special plea of contributory negligence. The ruling on these demurrers was without error. Contributory negligence is no defense to an action for wantonness or intentional injury. Birmingham Ry., L. & P. Co. v. Jones, 146 Ala. 277, 41 South. 146.

To the amended plea of contributory negligence filed to the count of simple negligence demurrers were interposed and sustained, and this ruling of the court constitutes an assignment of error. The plea alleges that—

The plaintiff, "while riding a bicycle east on the north side of Dauphin street, a public street in the city of Mobile, negligently drove or operated said bicycle from the north side of said Dauphin street to the south side of Dauphin street, and negligently run it against the automobile in which the defendant was riding."

[2] Under the general allegation in the plea, it was not necessarily negligent for the plaintiff to drive or operate his bicycle from one side of the street to the other. Creola Co. v. Mills, 149 Ala. 474, 42 South. 1019.

[3] To allege that conduct or acts harmless and prudent in themselves are negligent, or that the plaintiff did such acts, as a mere conclusion of the pleader, is not sufficient. The acts or conduct must be shown to be negligent otherwise than by mere conclusions of the pleader. Montgomery St. Railway Co. v. Shanks, 139 Ala. 501, 37 South. 166; Montgomery St. R. Co. v. Hastings, 138 Ala. 432, 35 South. 412; Watkins v. Birmingham R. Co., 120 Ala. 151, 24 South. 392, 43 L. R. A. 297; Louisville & Nashville R. R. Co. v. City of Bessemer, 108 Ala. 238, 18 South. 880; Birmingham R. & Electric Co. v. Mollie James, Adm'x, 121 Ala. 120, 25 South. 847; Brantley's Case, 168 Ala. 584, 53 South. 305.

[4] But, conceding, without deciding, that the plea as a whole was sufficient, its recitals constitute a mere denial of the negligence as alleged in the complaint, and competent to be shown under the plea of the general issue. So if the sustaining of the demurrers was error, it was clearly without injury to the defendant.

This disposes of all the assignments of error raised, and, finding no error in the record, the judgment appealed from is affirmed.

Affirmed.