(126 So. 100)

**CROFT v. CARTER.    (7 Div. 544.)**

Court of Appeals of Alabama.    Oct. 29, 1929.

Rehearing Denied Nov. 12, 1929.

Motley & Motley, of Gadsden, for appellant.

Inzer, Inzer & Davis and Frank J. Martin, all of Gadsden, for appellee.

BRICKEN, P. J.    This was an action of detinue by appellee against appellant, commenced in the justice court of M. B. Woods, beat 1 of Etowah county, and resulted in judgment for plaintiff.    Defendant carried the case, by statutory certiorari, to the circuit court, and there filed a plea in abatement, alleging that he was a resident of beat 26, and not of beat 1, where the suit was brought; that the mule, the subject-matter of the suit, was kept in beat 26, not in beat 1, and was not in beat 1 when suit was brought; that defendant was sued out of the precinct of his residence and out of the precinct where the cause of action arose; that there was a justice of the peace in precinct 26 at the time of bringing the suit, and at the time of trial, who was qualified and was not incompetent to try said case, and that the case was tried contrary to section 8711 of the Code 1923.

Plaintiff filed motions to strike this plea, which were overruled, and thereafter interposed demurrers, which were also overruled. Stated generally, these motions and the demurrer raised the proposition that on statutory certiorari the case was to be tried de novo, without objection to the jurisdiction of the justice court, and, further, that the pleas failed to show defendant did not appear and submit himself to the jurisdiction of the justice court. The issue made by the plea in abatement was submitted to the jury There was verdict for plaintiff. Thereupon issue was joined on merits of the case, and the jury again found in favor of plaintiff.

The questions raised by the assignments of error relate alone to the issues made by the plea in abatement. The facts going to establish plaintiff's right to recover are agreed upon. The only questions presented by the assignments of error, that deserve consideration, are those raised by charges, given and refused, and an excerpt from the oral charge of the court.

It is insisted, first, that the trial court erred in instructing the jury that the burden of proving that there was in the precinct of defendant's residence a justice of the peace competent and qualified to try this case; and, second, that on the evidence defendant was entitled to the affirmative charge. The gist of the argument, on the proposition first stated, is that, since there is no presumption that a judge is disqualified, the burden is upon the party asserting it to present facts showing disqualification. 33 Cyc. 1017, and some cases from other states are cited. But appellant is in no situation to gain comfort from this proposition. It relates, of course, to judges who have acted and whose judgments have been brought into question Here the issue was as to the competency vel non of a justice of the peace, who did not act, but, according to appellant's theory, should have acted. Defendant alleged that there was in beat 26 a justice of the peace, that he was qualified to act, and that he was not incompetent to try the case. He had the burden of sustaining by proof these allegations, and the trial court correctly so charged the jury. Russell v. Huntsville Railway, Light & Power Co., 137 Ala. 627, 34 So. 855. The evidence did show that one Dickens (it was alleged that there was none other) was a justice of the peace for precinct 26, and resided in said precinct at the time of bringing the suit, and at the time of the trial. But the evidence as to his qualification or competency, by reason of enfeebled physical and mental condition, was in such conflict as clearly to present a question for the jury's decision.

Since it is not necessary to a decision of the case, we express no opinion on the propriety of the ruling of the trial court by which defendant (appellant) was allowed to have the issue made by the plea in abatement submitted to the jury. Finding no error prejudicial to appellant, the judgment appealed from will stand affirmed.

Affirmed.