# Birmingham Ry. L. & P. Co. *v.* Moore.

## *Injury to Passenger.*

(Decided May 13, 1909.   Rehearing denied June 30, 1909.
50 South. 115.)

1. *Carriers; Injury to Passengers; Instructions.*—An instruction
that plaintiff would be entitled to recover if the car was negligently
started, fails to hypothesize that the starting of the car was the prox-
imate cause of the injury, and its giving was erroneous.

2. *Same.*—Where the action was for injuries to a passenger alight-
ing from a starting car, an instruction predicated upon increasing
the speed of the car was properly refused as inapplicable.

3. *Same; Jury Question.*—If the motorman of defendant saw that
plaintiff was alighting and started the car with a jerk and injured
plaintiff, it was for the jury to determine whether the starting of
the car was wanton.

4. *Charge of Court; Oral Charge; Construction.*—The oral charge
of the court must be construed as a whole.

APPEAL from Jefferson Circiut Court.

Heard before Hon. A. O. LANE.

Action by Nettie Moore against the Birmingham
Railway, Light & Power Company. From a judgment for
plaintiff, defendant appeals. Reversed and remanded.

The complaint consists of three counts—the first, in
simple negligence of the defendant's servants or agents
in control of the car in the negligent manner in
which they ran or operated the same; the second, in
wanton or willful injuries for starting the car while
plaintiff was in the act of alighting, knowing that the
plaintiff was in the act of alighting and liable to be in-
jured; the third, in wanton or willful injury generally
stated. The charges are sufficiently stated in the opin-
ion of the court, with the exception of charge 5, which is
as follows: "Unless you are reasonably satisfied from
the evidence that the speed of the car was suddenly in-

creased as plaintiff attempted to alight, and that this was negligently increased, then you cannot find for the plaintiff under the first count of the complaint as amended."

TILLMAN, GRUBB, BRADLEY & MORROW, and L. C. LEADBEATER, for appellant.—The oral charge of the court was erroneous.—*Birmingham Ry. L. & P. Co. v. Jones*, 146 Ala. 277; *Huggins' Case*, 148 Ala. 153. Counsel discuss the other assignments of error, but without citation of authority.

FRANK S. WHITE & SONS, for appellee.—The oral charge of the court must be construed as a whole.—*Decatur C. W. Co. v. Mehaffey*, 138 Ala. 242; 132 Ala. 32; 128 Ala. 242. So construed, the charge was not erroneous.—*Mobile L. & R. R. Co. v. Walsh*, 146 Ala. 295; *Matthews v. K. C. M. & B.*, 142 Ala. 298; *Sweet v. Bir. R. & E. Co.*, 136 Ala. 166; Nellis St. Ry. Acci. Law, pp. 110, 111, and 480. The court properly refused charge 2 requested by the defendant.—*Postal Tel. Co. v. Jones*, 133 Ala. 228; *Bir. R. & E. Co. v. Mullin*, 138 Ala. 614. On these same authorities, the court properly refused other charges by the defendant.

SIMPSON, J.—This action was brought by the appellee against the appellant for damages resulting from an injury claimed to have been received by the plaintiff, who was a passenger on defendant's railway, in the city of Birmingham.

The first assignment of error insisted on is to that part of the oral charge of the court as follows, to wit: "I charge you, further, if you believe, from the evidence, that the car had been stopped, and that the plaintiff was in the act of alighting, and the motorman knew, or

[Birmingham .Ry. L. & P. Co. v. Moore.]

by the exercise of reasonable care would have known, that she was in the act of alighting, and that he negligently started the car with a sudden jerk or start, then she would be entitled to recover." This part of the oral charge was erroneous, in failing to hypothesize that the starting of the car by the motorman was the proximate cause of the injury received by the plaintiff.—*Birmingham Railway, Light & Power Co. v. Jones,* 146 Ala. 277, 284, 41 South. 146; *Huggins v. Southern Railway Co.,* 148 Ala. 154, 166, 41 South. 856. While it is true that the oral charge of the court must be considered as a whole, yet the oral charge was in the shape of separate distinct legal propositions, laid down for the guidance of the jury, and this part of the charge purported to state a distinct legal proposition in itself; and we cannot see that the other parts of the charge were so connected with or referable to it as to relieve it from this error.

The second assignment of error insisted on is the refusal of the court to give the charge requested by the defendant, as follows, to wit: "I charge you that you cannot award the plaintiff any damages for the purpose of punishing the defendant." There was no error in refusing this charge. The plaintiff testified that, just as she was placing her foot on the steps to alight, the motorman looked over his shoulder at her, and the conductor rang the bell, and the motorman started the car with a jerk. If the motorman did see her in the act of alighting, and started the car with a jerk, and she was thereby injured, it was a question for the jury to determine whether the starting of the car was wanton.

The third assignment of error is to the refusal to give the charge: "If you believe the evidence, you cannot find for the plaintiff under the second count of the complaint as amended." The bill of exceptions does not show that any such charge was requested.

The court properly refused charge 5, requested by the defendant. There was nothing in either the pleading or evidence basing any claim on "increasing the speed" of the car (which implies that it was already in motion), but the claim was that the car "started" with a jerk.

The judgment of the court is reversed and the cause remanded.

Reversed and remanded.

DOWDELL, C. J., and DENSON and MAYFIELD, JJ., concur.

