[Birmingham Railway, Light & Power Co. v. Moore.]

# Birmingham Railway, Light & Power Co. *v.* Moore.

*Damages for Injury to Passenger.*

(Decided Nov. 16, 1911. 56 South. 593.)

*Damages; Instructions; Proximate Cause.*—A charge instructing for the recovery of damages for permanent injury as one item, mental and physical suffering as another item, and diminution in earning capacity as another item, but which fails to hypothesize the damages as being proximately caused by the defendant's fault or negligence, is error.

APPEAL from Jefferson Circuit Court.

Heard before Hon. A. O. LANE.

Action by Rosa Moore against the Birmingham Railway, Light & Power Company. From a judgment for plaintiff, defendant appeals. Reversed and remanded.

Charge 5, given for plaintiff, is as follows: "The court instructs the jury that, if you find for plaintiff in this case, in estimating and fixing her damages, if you find she is permanently injured, you have the right to give damages for that as a distinct item. If you find that there was mental suffering, you have the right to give damages for that as a distinct item. If you find that there was physical suffering, you have the right to give damages for that as a distinct item. You have the right to give damages for that mental suffering, if any, that a person may have from the consciousness that her earning capacity is injured for life. You can give damages for diminution of earning capacity, if the evidence justifies you in finding that her earning capacity has been diminished and that the defendant is liable therefor; and if, after considering all the elements of damages proven and given in charge by the court, you

will assess such damages as will reasonably compensate her for the injuries received."

The action was for injuries received by plaintiff while a passenger.

TILLMAN, BRADLEY & MORROW, and L. C. LEADBEATER, for appellant. The court erred in giving charge 4 at the request of plaintiff.—*B. R. L. & P. Co. v. Hayes*, 153 Ala. 178. The court erred in giving charge 5.—*B. R. L. & P. Co. v. Jones*, 146 Ala. 277; *Huggins v. So. Ry.* 148 Ala. 153.

MATHEWS & MATHEWS, for appellee. The court did not err in giving charge 4.—*C. & A. R. R. Co. v. Fisher*, 141 Ill. 625; *B. & P. R. R. Co. v. Landrigan*, 191 U. S. 461. There is no error in giving charge 5.—*Huggins v. So. Ry.* 148 Ala. 153; 107 Ga. 70; 15 S. E. 825.

WALKER, P. J.—The fifth charge, given at the instance of the plaintiff, asserts the right of the jury, on the sole condition of their finding for the plaintiff, to assess against the defendant several classes of damages therein mentioned. For those damages to have been recoverable, they must have resulted naturally and proximately from the breach of duty complained of. That charge was erroneous, and prejudicial to the defendant, because of its failure to state an essential prerequisite to the existence of a right in the plaintiff to recover such damages in this action. The charge undertook to state as a separate, distinct proposition in what event the jury would be authorized to base its award of damages on the injuries enumerated, and was an incorrect instruction, because of its omission from the hypothesis stated the requirement that the damages mentioned, to be recoverable, must have prox-

[Central of Georgia Ry. Co. v. Johnson.]

imately resulted from the breach of duty alleged and proved.  Under the charge as given the jury were required to assess damages, without regard to any causal connection, proximate or remote, between them and any act or default of the defendant.  *Birmingham Railway, L. & P. Co. v. Moore,* 163 Ala. 43, 50 South. 115; *Birmingham Railway, L. & P. Co. v. Jones,* 146 Ala. 277, 41 South. 146.

The other ruling assigned as error need not be passed on, as the question presented may not arise on another trial.

Reversed and remanded.