[Adams v. Crimm.]

# Adams *v*. Crimm.

## *Injury to Servant.*

(Decided April 18, 1912.　58 South. 442.)

1. *Master and Servant; Injury to Servant; Defective Appliance; Repair; Evidence.*—Where the action was for injury to an employee by the derailment of a dinky engine on which the employee was riding, and the evidence was conflicting as to whether the derailment was caused by a defective track, or the manner in which the engine was being operated, it was not admissible to show that after the accident, defendant repaired the track at the place of the derailment.

2. *Same.*—Evidence that the condition of the track had been reported to the superintendent of the defendant, and evidence of the general condition of the track, was admissible to show negligence because of knowledge of the defect, and a failure to repair.

3. *Same.*—Where the action was for injury to an employee caused by the derailment of the dinky engine on a defective track, plaintiff was properly permitted to introduce pieces of the cross ties of the track in evidence, notwithstanding whole ties might have been better evidence of the condition of the track.

4. *Same.*—While evidence that prior to the derailment which resulted in injury new ties had been put in where needed, was admissible, it should have been confined to the point of the derailment and could not be extended so as to show a general repair of the track at other points.

5. *Same; Instructions.*—In an action for injuries to an employee by the derailment of a dinky engine on which he was riding, a charge authorizing a recovery if the defect in the track was the indirect or remote cause of the injury, was erroneous, as the charge should have made the recovery conditional on a finding that the defect in the track was the direct or proximate cause of the injury.

6. *Damages; Personal Injury; Instruction.*—In an action for personal injury, a charge asserting that plaintiff was entitled to recover such damages as would compensate him for all pain and anguish of body and mind he had suffered as a proximate result of his injuries, and for loss of his ability to earn a livelihood, is a proper statement of the measure of damages when justified by the evidence.

7. *Charge of Court; Conformity to Evidence.*—Where it was shown by the undisputed evidence that plaintiff had gotten on an engine to repair it, and that he was moving it to detect defects therein, and ascertain what was necessary to remedy same, at the time of the accident, a charge was properly refused which asserted that if the plaintiff was not engaged in his duty in repairing the

engine at the time of the accident there could be no recovery, as it was not sustained by the evidence.

8. *Same; Conformity to Issues.*—Where there was no plea of contributory negligence or assumption of risk, but the case was tried solely on the general issue, charges as to contributory negligence and assumption to risk were properly refused.

APPEAL from Shelby County Court.

Heard before Hon. E. S. LYMAN.

Action by A. J. Crim against J. B. Adams, doing business as the Longview Lime Works, for damages for personal injury. From a judgment for plaintiff, defendant appeals. Reversed and remanded.

The complaint charged that the plaintiff was in the employment of the defendant, and was riding upon a certain dinkey, or engine, in the discharge of his duty, when the engine became derailed, proximately causing the injury complained of. The negligence is alleged to be a defect in the ways, works, etc., in that the track was defective and unsafe.

The following charges were given for the plaintiff: "(1) The court charges the jury that if they find their verdict for the plaintiff, they should give him such damages as will compensate him for all pain and anguish, both of mind and body, he may have suffered as a proximate result of his injuries in the wreck of the engine, as well as for all loss or impairment of his ability to earn a livelihood the balance of his life. (2) The court charges the jury that if they believe from the evidence that plaintiff's injury was caused from a defect in the track at or near the point of derailment, and that he did not know of the defect, and that said defect had not been discovered or remedied owing to the negligence of the employer, or of some person in the service of the employer intrusted by him with the duty of seeing that said road was in proper condition, and that the plaintiff did not contribute to his own

[Adams v. Crimm.]

injury, and that he was not a servant whose duty it was to remedy the defect, then the jury should find their verdict for the plaintiff."

The following charges were refused to the defendant: "(4) If the jury believe from the evidence that Crim was not engaged in the discharge of his duty of repairing the engine while riding upon the same at the time of the happening of the accident, their verdict must be for the defendant. (5) If the jury believe from the evidence that Crim was not engaged in repairing the engine when the accident happened their verdict must be for the defendant."

J. T. STOKELY, and McMILLAN & HAYNES, for appellant. The instruction as to the measure of damages was improper.—*B. R. L. & P. Co. v. Moore,* 56 South. 593. Charges which authorize a recovery because of negligence which indirectly or remotely cause the injury, are improperly given.—*B. R. L. & P. Co. v. Moore, supra; B. R. L. & P. Co. v. Jones,* 146 Ala. 277; *Hudgins v. So. Ry.,* 148 Ala. 154. Counsel discuss the charges based on contributory negligence and assumption of risk with citation of authority, but in view of the opinion it is not deemed necessary to here set them out. The fact that the track was repaired at the point of the accident after the accident, was not competent to show that the track was defective at the time of the accident.—*L. & N. v. Malone,* 109 Ala. 509. Counsel discuss other assignments of error relative to evidence, but without further citation of authority.

STALLINGS & DRENNEN, and J. WILEY LOGAN, for appellee. No brief reached the Reporter.

ANDERSON, J.—The plaintiff sought a recovery upon the theory that the "dinkey engine" upon which he was riding was derailed and injured him, and that the derailment was due to a defect in the track upon which said engine was running; the defendant's theory being that the derailment of said engine was not due to a defect in the track, but to the manner in which the engine was being operated, or some cause other than a defective track. There was therefore a conflict in the evidence as to whether or not the track was out of repair at or near the point of derailment, and, this being the case, the trial court erred in permitting the plaintiff to prove that the defendant repaired the track at this point shortly after the accident.—*Nash., Chat. R. R. v. Ragan,* 167 Ala. 277, 52 South. 522, and cases cited; *L. & N. R. R. Co. v. Malone,* 109 Ala. 509, 20 South. 33.

There was no error in permitting the witness Jones to testify that he reported the condition of the track to the superintendent as this tended to establish negligence by showing a knowledge by the defendant of the defect and a failure to repair. For the same reason, there was no error in overruling the objection to the testimony of the witness Curry as to the general condition of the track.

There was no error in permitting the plaintiff to introduce the pieces of cross-ties in evidence. True, whole ties may have been better evidence of the condition of same, but the pieces afforded evidence for the jury as to the condition of the ties at the place of the accident.

There was no error in not permitting the witness Gunn to testify that he had previous to the accident put in new ties where needed. The testimony should have been confined to the point of derailment, and if new ties were put there before the accident, or were not

[Adams v. Crimm.]

needed, he could have so stated, and the proof should not have been made as to a general repair of the track at other points.

There was no error in giving charge 1 at the request of the plaintiff. There was evidence in support of every element of damages hypothesized, and the charge was postulated upon damages suffered as the "proximate result" of the injuries received in the wreck, and it did not possess the vice as pointed out in the charges in the cases of *Birmingham R. R. Co. v. Moore*, 2 Ala. App. 499, 56 South. 593, *Birmingham R. R. Co. v. Moore*, 163 Ala. 43, 50 South. 115, and *Birmingham R. R. Co. v. Jones*, 146 Ala. 277, 41 South. 146.

There was error in giving charge 2 at the request of the plaintiff. It authorizes a finding for the plaintiff if the defect was the indirect or remote cause of the injury, when it should have been the direct or proximate cause of same.—Authorities, supra.

There was no error in refusing charges 4 and 5, requested by the defendant, as they were abstract and misleading. The undisputed evidence shows that Crim had gotten on the engine to repair same, and, whether he was actually hammering on it or not, he was in the discharge of his duty in and about repairing same, as averred in the complaint. He was having it moved or operated in order to detect the defect and ascertain what was necessary to be done to same, and he was as much in the discharge of his duty in and about the repair of same as if he was actually taking the same to pieces or putting it together.

The other charges complained of in the argument of counsel for appellant relate to contributory negligence or assumption of risk, issues foreign to the case, as the record discloses no special pleas and the judgment en-

try shows that the case was tried solely upon the general issue.

The judgment of the county court is reversed, and the cause is remanded.

Reversed and remanded. All the Justices concur.