GEORGE F. POOL, PLAINTIFF-APPELLANT, v. RUFUS DON-
ALDSON BROWN, DEFENDANT-RESPONDENT.

Submitted March 27, 1916—Decided July 5, 1916.

1. The circumstance that new elements of locomotion, such as elec-
tricity, steam, &c., have been added to vehicles using public high-
ways has not wrought any modification in the legal principle that
the driver of a vehicle has no superior legal right in the use of
the highway over a pedestrian in the exercise of a lawful right
to cross the highway, but that the law imposes reciprocal obliga-
tions to use reasonable care.

2. Where there was testimony that the plaintiff attempted to cross
a street between two standing vehicles which obstructed his view
for some distance, and that after he had reached a point where
he had a view to both north and south, he looked to the north and
saw a slow moving wagon about thirty or forty feet away and
then looked to the south and saw nothing approaching, whereupon
he took a step forward about three feet, when he was struck by
defendant's automobile coming from the north, which gave no
signal or warning of its approach—*Held*, that the question of the
negligence of the defendant and the contributory negligence of the
plaintiff was for the jury.

On appeal from the Essex Circuit.

For the appellant, *Peirce & Hoover*.

For the respondent, *M. Casewell Heine*.

The opinion of the court was delivered by

KALISCH, J. The appellant appeals from a judgment of
nonsuit. His contention is that the nonsuit was improperly
ordered because the facts developed by the testimony in the
case presented issues which should have been submitted by
the court to the decision of the jury.

The facts, briefly stated, are these: The appellant was
struck and injured by respondent's automobile while he was
crossing Halsey street, in Newark. Halsey street, from curb
to curb, is about thirty feet in width, and runs north and
south. Bleecker street, about equally as narrow as Halsey

street, runs at right angles into Halsey street from the west, and terminates at Halsey street. On the easterly side of Halsey street stands a large department store, a part of the rear of which faces Bleecker street. The rear of the store has several entrances and exits on Halsey street. The appellant in the daytime came out of one of the rear exits of the store and started to walk north on Halsey street until he reached a point on that street which was in a direct line of the southerly sidewalk of Bleecker street, when he made preparations to cross the street. At that time, according to the appellant's testimony, there was a top wagon of the department store standing, backed up to the curb, which wagon extended into the street about twelve feet. To the south of the wagon stood an automobile, leaving ample space between the two vehicles for a crossing by persons desiring to cross the street at that point. While on the sidewalk, and before starting to cross, the appellant looked to the north and observed a team of horses pulling a team wagon, with a colored driver sitting on a high seat, driving the team slowly in the centre of the street, in a southerly direction, about fifty or sixty feet away. The appellant then started to cross through the open space referred to, his view to the north for the distance of twelve feet being shut out by the top wagon standing there, and when he reached a line of vision to the north, he again looked that way and only observed the same team of horses with the colored driver, which were then about thirty or forty feet away; he then looked to the south and saw nothing approaching and then took a step forward, about three feet, when he was struck by the respondent's automobile, which came from the north, and which the appellant says he did not see at the time he looked in that direction. There was also testimony to the effect that the driver of the automobile gave no signal or warning of any kind of the approach of the automobile.

The suggestion has been made that since it appeared that the appellant had only succeeded in taking a single step forward after he had a view to the north, when he was struck by the automobile coming from that direction, it is a legal presumption that if he had looked with any degree of care he

could not have failed to see the automobile so close to him that the danger of attempting to cross in front of it would have been apparent to an ordinarily prudent person in the exercise of reasonable care for his own safety. We do not think that the testimony justifies such a presumption either of law or fact. But this claim will be considered later when we reach the topic of the respondent's contention that the appellant was negligent, and that his negligent conduct contributed to his injury.

At the very outset it is highly important that it should not escape observation that the situation, presented by the facts under consideration, relates to a pedestrian in the exercise of a lawful right to cross a public highway and the driver of a vehicle who had no superior legal right in the use of the street. Under such circumstances, the law imposes reciprocal obligations. Those reciprocal obligations are the offspring of elementary and familiar legal principles, which, by reason of their soundness and wisdom, have become firmly imbedded in the law. In fact, it is a strict observance of those legal principles that tends to make our public highways passable and safe to the drivers of vehicles and pedestrians alike. The circumstance that new elements of locomotion, such as electricity, steam, &c., have been added to vehicles using public highways has not wrought any modification of those legal principles.

The driver of the automobile was under a legal duty to use reasonable care to avoid colliding with other vehicles or persons in the public highway. His duty was to be on the alert, to observe persons who were in the street, or about to cross the street, and to use reasonable care to avoid colliding with them. He was under a duty to have his automobile under proper control. He was under an obligation to take notice of the conditions existing in the public street and to propel his car in a manner suitable to those conditions. He was under a duty to observe the condition which existed at the cross-walk, in that for a distance of twelve feet the view of a person crossing from the east to the west side of Halsey street was obscured by the top wagon. The uncontradicted fact in the case is that

the driver of the automobile gave no audible signal or warning of his approach to the obscured part of the cross-walk. From that fact alone the jury might properly have found that the driver's failure to sound a warning of the approach of his automobile to the crossing was negligent conduct. Furthermore, from the testimony, the jury might have found that the chauffeur was negligent in driving too close to the obscured part of the cross-walk, or that, in the exercise of reasonable care, he might have avoided the accident by steering his car to the right. At least, there was a jury question whether, in the circumstances which then existed, the chauffeur could have avoided striking the appellant if he had exercised reasonable care.

On the other hand, the law cast upon the appellant the duty to use reasonable care for his own safety. He was under a legal duty to observe the conditions in the highway. He had a right to rely on the driver of the automobile respecting his, the appellant's, equal right in the street, and that the driver would control his car accordingly, and would use reasonable care to avoid running it against the appellant. Of course, if it had appeared that the appellant rashly stepped in front of the automobile, under circumstances that would justify no difference of opinion among reasonable men as to the negligent character of such conduct, then a nonsuit would have been properly ordered. But that does not appear, from the evidence in the cause, to have been the case. The testimony shows that when the appellant looked to the north before he took the step to cross the street, the team wagon was within thirty feet of the spot where he was standing. The appellant saw no automobile, and that might very well have been so; for if the automobile was behind the team wagon, which was proceeding in the centre of the highway, or was to the right of the wagon, the automobile would have been concealed from the view of the appellant. If, while the appellant was looking toward the south to guard against any danger to be apprehended in that direction, the automobile suddenly spurted from behind the team wagon, it is not an unfair inference that the appellant, when he took the step

forward to continue crossing the street, was suddenly over-taken by an unexpected peril.

Bearing in mind that Halsey street is only thirty feet wide; that the top wagon of the department store obstructed, within three feet of the centre of the highway, the appellant's view to the north; that the three feet of space between the extreme westerly end of the top wagon and the centre of the street was apparently insufficient to allow a vehicle to pass between the team and the top wagon when the vehicle reached that part of the street, it cannot be said, as a matter of law, that a prudent person, in the exercise of reasonable care, similarly situated as the appellant was, would not have acted as the appellant did. That was necessarily a jury question. The appellant was under no legal duty to anticipate that there was an automobile behind the team wagon, or, if there was, that the driver of the automobile would attempt to pass and head off the team wagon near or at the place where the top wagon was standing, and thus imperil the safety of pedestrians emerging from the passageway. Nor was the appellant bound to anticipate that a vehicle would approach him on the left side of the road, which was the wrong side for vehicles to be on, going south. It is inferable from the testimony that the driver of the automobile, in order to clear the team wagon which was proceeding in the centre of the street, went to the left of it and was running the automobile on that side of the street when the appellant was struck.

Under the Traffic law of this state the driver of a vehicle is required to pass the vehicle ahead of him to the left. That requirement, however, is subject to the conditions existing in the highway and does not relieve the driver of the passing vehicle from the duty of exercising reasonable care to ascertain whether he can pass the vehicle ahead with safety to other vehicles or pedestrians which, or who may, happen to be on the left side of the street. *Smith* v. *Barnard*, 82 *N. J. L.* 468.

From what has been said it is manifest that the question, whether or not the appellant had acted with reasonable care in the circumstances which confronted him at the time he

made the attempt to cross the street, was one for the jury and not for the court to pass upon.

In *Fox* v. *Great Atlantic and Pacific Tea Co., 84 N. J. L.* 726, 728, this court quoted with approval the statement made by Mr. Thompson, in his valuable work on negligence, to the effect that cases of collision on highways almost invariably involve questions of concurrent negligence on the part of both actors; and that, as the circumstances attending such injuries are within the range of every day observation and experience, the question of contributory negligence, in those cases, is in a peculiar sense a question for a jury, though, of course, within the limits of the principle that there must be evidence tending to that conclusion, and subject also to the rule that, in cases where the evidence tends only to that conclusion, the judge can decide it as a matter of law.

The judgment of nonsuit will be reversed.

*For affirmance*—None.

*For reversal*—THE CHANCELLOR, CHIEF JUSTICE, SWAYZE, TRENCHARD, PARKER, BERGEN, MINTURN, KALISCH, BLACK, WHITE, HEPPENHEIMER, WILLIAMS, TAYLOR, JJ. 13.