(96 South. 235)

**BURR v. MUNSON.  (6 Div. 853.)**

(Supreme Court of Alabama.  May 3, 1923.)

Municipal corporations ⊂⊃706(6)—Evidence in automobile collision case held to require affirmative charge for defendant.

Where, in an action for death of plaintiff's deceased as the result of an automobile collision, there was evidence that deceased was not struck by defendant's car but ran into the side of it and was injured, it was error to refuse a general affirmative instruction for defendant.

Appeal from Circuit Court, Jefferson County; Richard V. Evans, Judge.

Action for damages by Julia Munson, as administratrix of the estate of Louise Parker, deceased, against Borden Burr. Judgment for plaintiff, and defendant appeals. Transferred from Court of Appeals under section 6, p. 449, Acts 1911. Reversed and remanded.

Percy, Benners & Burr, of Birmingham, for appellant.

Where the evidence fails to sustain the charge of negligence, and where the uncontradicted evidence shows plaintiff was guilty of negligence proximately contributing to the injuries, defendant is entitled to the general charge. M. L. & R. Co. v. Roberts, 192 Ala. 486, 68 South. 815; L. & N. R. Co. v. Moran, 200 Ala. 241, 76 South. 7; McGhee v. Birmingham News Co., 206 Ala. 487, 90 South. 492; Dorough v. Ala. Power Co., 200 Ala. 605, 76 South. 963.

Allen & McEwen, of Birmingham, for appellee.

No brief reached the Reporter.

McCLELLAN, J. The plaintiff, appellee, was awarded judgment against the appellant in the sum of $250 for the death of Louise Parker, caused by contact with appellant's automobile while moving along a public street in the city of Birmingham. The only error assigned brings into question the action of the trial court in refusing general affirmative instruction in appellant's favor.

The instruction requested for defendant should have been given. There was no evidence or inference from evidence tending to sustain the averment that intestate's death was proximately caused by defendant's neg-ligence. The undisputed testimony—given by W. S. Forman, the only eyewitness to the fact and circumstances of intestate's injury, and by defendant—disclosed that Louise Parker moved from the curb of the parkway (in the center of Highland avenue) into and against the side of the front fender of the automobile driven by defendant along the west driveway of that avenue; and that defendant did not see her until after the injury. There was no evidence that defendant either drove the car against her or that he negligently permitted the car to strike her. On the evidence in this record, the conclusion is inescapable that the sole cause of injury was that the woman, herself, moved into contact with the car. Neither location of wounds on the woman's head nor the posture of her body immediately after the injury instituted conflict with the positive testimony to which reference has been made.

The ambulance driver testified that defendant, in response to his inquiry as to the cause of the injury, said: "That darn fellow trying to drive and didn't know how." The witness testified he did not know what fellow defendant was talking about. The evidence does not otherwise, in any degree, enlighten. The defendant denied making any such statement. The testimony was undisputed that defendant, not Forman, was driving the car. It was not an admission referable to defendant, himself. The import of the words was that another, unskilled in driving, had caused the injury. In neither design nor effect was the expression susceptible of an interpretation that defendant's own negligence caused the injury. If the expression's purport was taken as reflecting upon the otherwise undisputed testimony that defendant, not Forman, was driving the car at the time—thereby instituting conflict in that particular and (we assume) attributing the injury to negligence of the unskilled driver—still this material phase of, the evidence remained undisputed, vis. that the woman moved into contact with the side of the car; that the car did not run into the woman.

The judgment is reversed, and the cause is remanded.

Reversed and remanded.

ANDERSON, C. J., and SAYRE, SOMERVILLE, GARDNER, and MILLER, JJ., concur.

THOMAS, J., not sitting.

---

⊂⊃For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes