## Cline, Sr. v. Cook.

(Decided November 9, 1926.)

### Appeal from McCracken Circuit Court.

1. Automobiles.—Verdict for defendant automobile driver held not against evidence on issue of negligence as to pedestrian coming in contact with side of car.

2. Evidence.—Court does not take judicial notice of city ordinances.

3. Trial.—Failing to instruct that ordinance required automobilist to stop as he approached boulevard was not error, where ordinance was not proved nor called to attention of court nor instruction asked, in view of Kentucky Statutes, section 3062.

EDGAR T. WASHBURN for appellant.

GRASSHAM & ALEXANDER for appellee.

Opinion of the Court by Commissioner Hobson—
Affirming.

W. H. Cline, Sr., who was eighty-two years old,
while crossing Third street in the city of Paducah on
July 4, 1925, was knocked down by an automobile driven
by G. R. Cook. In the fall Cline's arm was broken and he
was otherwise bruised. He brought this suit to recover
for his injury against Cook. The jury, to whom the case
was submitted, found for the defendant. The plaintiff
appeals.

Third street runs north and south; Broadway runs
east and west. The National Bank building is at the
southwest corner of Third and Broadway; the Savings
Bank building is on the southeast corner, or on the oppo-
site side of Third street. Cline was at the National Bank
building and started across to the Savings Bank build-
ing. According to the proof for him, as he got within
two or three steps from the Savings Bank curb, Cook,
going towards Broadway, came brushing through there
without stopping and struck him and knocked him to the
curb.

According to the proof for the defendant he was run-
ning his car under five miles an hour. Cline was not in
front of him or in sight of him as he approached and the
accident happened in this way: There were a number of
people standing on the corner at the savings bank, some
standing on the sidewalk and others on the curb and in
the street. When Cline reached these people he could
not get through the crowd. He walked around to one side
and as he turned around he brushed against the automo-
bile and the automobile brushed him down. In other
words, the front of the automobile passed him while he
was trying to get through the crowd and as he turned to
find another place to get through the crowd he came in
contact with the passing car.

While the evidence is conflicting, it cannot be said
that the verdict of the jury is palpably against the evi-
dence. The chief ground for reversal is that the court
misinstructed the jury. The instructions are as follows:

"It was the duty of the defendant, at the time
and place mentioned in the evidence, to have his car
under reasonable control and to keep a lookout ahead
for persons and vehicles using the street, including

the plaintiff, and to exercise ordinary care generally to prevent striking and injuring such persons or vehicles upon the highway, and if you shall believe from the evidence in this case that the defendant failed to do either of these things and by reason of such failure on his part and as the direct and proximate result thereof, his said automobile was caused to strike the plaintiff, and plaintiff received the injuries complained of, then the law is for the plaintiff and you will so find, but unless you shall so believe from the evidence, then the law is for the defendant and you will so find.

"It was likewise the duty of the plaintiff at the time and place mentioned in the evidence to keep a lookout ahead for vehicles and persons using the street, and to exercise ordinary care generally for his own safety, and if you shall believe from the evidence in this case that he failed to do either of these things and by reason of such failure he helped to cause or bring about the accident complained of and the injuries which he received, and but for which failure he would not have been struck and injured, then the law is for the defendant, and you will so find, although you may believe from the evidence that the defendant was also negligent."

These instructions, so far as they go, aptly cover the case; but it is insisted that Broadway is by the ordinance of the city of Paducah a boulevard and that under the ordinance it was the duty of Cook to stop his car as he approached Broadway, and that the court erred in failing to so instruct the jury.

Kentucky Statutes, section 3062, provides how municipal ordinances in cities of the second class may be proved. No proof was offered on the trial of the city ordinance; the courts do not take judicial knowledge of such ordinances. The ordinance was not called to the attention of the court in any way. No instruction was asked upon it.

Judgment affirmed.