BERTHA G. M. NEWMAN, PLAINTIFF-APPELLANT, v. SAMUEL KATZ, DEFENDANT-RESPONDENT.

Argued October 18, 1933—Decided January 5, 1934.

For the appellant, *Frank G. Turner.*

For the respondent, *Edwards, Smith & Dawson (Raymond Dawson,* of counsel).

The opinion of the court was delivered by

TRENCHARD, J. This appeal brings up for review a judg· ment entered upon a directed verdict in favor of the defendant in an action by the plaintiff to recover for injury sustained by her, in a collision with defendant's automobile truck, driven by the defendant, at eight A. M., on September 25th, 1929, shortly after she had stepped from the curb at the northwest corner of Pavonia and Baldwin avenues, Jersey City, apparently for the purpose of crossing Baldwin avenue.

The legal propriety of the direction of the verdict for defendant is the only question raised or argued on this the plaintiff's appeal.

We think that the verdict was properly directed for two reasons now to be stated.

We think that it was properly directed upon the ground that there was no evidence showing or fairly tending to show any wrongful act or neglect of the defendant, or any omission of duty which he owed to the plaintiff. *Baldwin* v. *Shannon,* 43 *N. J. L.* 596; *Timlan* v. *Dilworth,* 76 *Id.* 568.

The uncontradicted evidence was that defendant was driving his automobile truck eight or nine miles an hour in a southerly direction on Baldwin avenue on his right-hand side of the street, two or three feet from the curb; that, as his truck approached the northwest corner of the intersection of Pavonia avenue where the traffic was controlled by a light, the green or "go" light favored him and remained favorable to him, and the red or "stop" light was and remained, against pedestrians crossing Baldwin avenue; that neither the plaintiff nor any other pedestrian was on the roadway or on the crosswalk as defendant reached the intersection; that, as the front part of defendant's truck was crossing the crosswalk, the plaintiff, when out of the line of defendant's vision, stepped off the curb and took three steps along the crossing and walked into the side of defendant's truck, about midway of the right-hand side, and was "spun around" and injured.

We think, also, that the evidence showed conclusively that the plaintiff's injury resulted from her failure to exercise reasonable care for her safety, and that such evidence justified the direction of a verdict for the defendant for that reason.

It was the duty of the plaintiff to exercise such precaution and care for her safety as a reasonably prudent person would use in like or similar circumstances. *Rochford* v. *Stankewicz,* 108 *N. J. L.* 265; 158 *Atl. Rep.* 386; *Pool* v. *Brown,* 89 *N. J. L.* 314; 98 *Atl. Rep.* 262.

Here the plaintiff failed to perform that duty. The evidence showed conclusively that, as the front part of defendant's truck was passing the crosswalk at the street intersection, the plaintiff, when out of the line of defendant's vision, stepped off the curb, took three steps along the crosswalk and walked into the right-hand side of the truck, about midway of the truck, and behind the driver's seat; that she was "spun around" and was injured; that at the time the traffic control light was against the plaintiff and favored the continuous operation of defendant's truck across the intersection; that there were no parked cars on the block and no intervening obstruction to her vision and she must have seen, if she had looked, the defendant's automobile both when it was approaching and when it was in front of her.

In such state of the proofs she cannot recover. *Branigan* v. *Demarest,* 109 *N. J. L.* 123.

The plaintiff says that the evidence was that the "police officer motioned her (plaintiff) to proceed." A sufficient answer to that is that there is no such evidence. True, the plaintiff testified that the officer "held up his hand" (which the officer denied). But that evidence does not tend to show that the plaintiff *was invited to proceed.*

The judgment below will be affirmed, with costs.

*For affirmance*—THE CHANCELLOR, CHIEF JUSTICE, TRENCHARD, PARKER, LLOYD, CASE, BODINE, DONGES, HEHER, PERSKIE, VAN BUSKIRK, KAYS, HETFIELD, DEAR, WELLS, JJ. 15.

*For reversal*—DILL, J. 1.