[Civ. No. 12450. Second Appellate District, Division Two.—April 20, 1940.]

MARY A. BOX, Respondent, v. J. F. VAN SLOOTEN, Appellant.

Cryer & Jones, George E. Cryer and R. Alston Jones for Appellant.

Arthur L. Erb and Richard C. Waltz for Respondent.

McCOMB, J.—From a judgment in favor of plaintiff after trial before a jury in an action to recover damages for personal injuries defendant appeals.

Viewing the evidence most favorable to respondent, the essential facts are:

Diagram of the Scene of the Accident Hereinafter Described.

October 17, 1938, about 7:30 P. M. plaintiff, a woman seventy-five years of age, was standing on the curb at the

northeast corner of Vermont Avenue and Melbourne Street in the city of Los Angeles. She looked north and south on Vermont Avenue and did not see any automobiles approaching the intersection. She then started to walk from the east to the west side of the avenue in the northerly half of a marked pedestrian walk. She did not again look in a southerly direction on the avenue.

About the same time defendant, traveling on Vermont Avenue, was approaching the intersection in a northerly direction in his automobile about fifteen miles per hour. When he reached a point approximately thirty-five feet south of the crosswalk, he noticed plaintiff in it three or four feet from the east curb line of Vermont Avenue. He saw that her head was turned slightly to the north and that she apparently did not see him. Plaintiff continued to traverse the pedestrian walk in a westerly direction, and, as she approached the middle of Vermont Avenue, turned her head slightly to the right watching two southbound cars which were approaching the intersection. Defendant without giving any warning signal continued on his course, gradually lessening his speed. As he approached plaintiff he swerved to the west of the center line of Vermont Avenue and then swerved to the east, the right running board and the stanchion back of the front door of his automobile striking plaintiff and causing her personal injuries.

■ Defendant relies for reversal of the judgment on these propositions:

*First: The court committed prejudicial error in instructing the jury as follows:*

*"There has grown up in our law a certain reasoning process that we sometimes call to our aid in analyzing the facts of an accident case, and which is known as the Doctrine of Last Clear Chance. It is permissible to use the doctrine only after we first find, and you may not use it unless and until you first shall have found, that in the events leading up to the accident in question, both the plaintiff and defendant were negligent.*

*"The Doctrine of Last Clear Chance may be invoked if, and only if, you find from the evidence that these six facts existed:*

*"First: That plaintiff, by his own negligence, got himself into a position of danger.*

*"Second: That thereupon, either it was physically impossible for him through the exercise of ordinary care to escape*

*from the danger or he was totally unaware of his dangerous position.*

*"Third: That the defendant had actual knowledge of plaintiff's perilous situation.*

*"Fourth: That the defendant knew, or in the exercise of ordinary care should have known, that plaintiff could not escape from the situation by his own efforts, spent in the use of ordinary care.*

*"Fifth: That the defendant had a clear opportunity to avoid the accident and could have done so by exercising ordinary care.*

*"Sixth: That the defendant did not avail himself of that opportunity, but by negligent conduct proximately caused the accident.*

*"If the conditions I have mentioned are found by you to have existed with respect to the accident in question, then you must find against the defense of contributory negligence, because under such conditions the law holds the defendant liable for any injury suffered by the plaintiff and proximately resulting from the accident, despite the negligence of the plaintiff."*

*for these reasons:*

*(a) Under the facts above stated it was not a proper case for the doctrine of last clear chance;*

*(b) Plaintiff had the last clear chance to avoid the accident;*

*(c) Plaintiff was not in a position of peril within the meaning of the "last clear chance" rule until the time of the impact between plaintiff and the car driven by defendant;*

*(d) Plaintiff was contemporaneously and actively at fault until the very moment of the accident;*

*(e) The instruction should not have contained the statement, "That the defendant knew or in the exercise of ordinary care should have known that the plaintiff could not escape from the situation (of danger) by her own efforts spent in the use of ordinary care."*

*(f) The instruction should have set forth that as a prerequisite for the application of the doctrine of "last clear chance" the jury must find that defendant had a clear opportunity to avoid the accident, "as he actually knew" plaintiff was in a situation of peril from which she could not escape by her own efforts in the exercise of ordinary care.*

*Second: The trial court committed prejudicial error in instructing the jury as follows:*

"*The plaintiff pedestrian, while proceeding with ordinary care to cross Vermont Avenue in a marked crosswalk at Melbourne Street, was justified in assuming, in the absence of reasonable warning of danger, that her right of way would be respected by the defendant motorist.*"

*Third: Plaintiff was guilty of contributory negligence as a matter of law.*

The errors urged under paragraphs (a), (b), (c), and (d) of defendant's first proposition are without merit. Bearing in mind the rule that conflicts in testimony and the rule that the question of how far a witness' testimony has been discredited on cross-examination are for the determination of the trial jury and not an appellate court, the trial jury in the instant case, from the facts above stated, which find substantial support in the evidence, impliedly found that plaintiff, a woman of seventy-five years of age, was not negligent at the time she stepped from the curb and started to cross Vermont Avenue; however, that she was negligent in not looking to the south after having left the curb, but that as she approached the center line of Vermont Avenue she ceased to be negligent and acted as a reasonably prudent person similarly situated would have acted in turning her head to the north watching two southbound cars; that from this point until the time of the accident defendant was negligent in driving contrary to the provision of section 560, subdivision (a) of the Vehicle Code into a marked crosswalk in which there was a pedestrian; and that, since defendant had observed plaintiff continuously and noted that she was oblivious to his approach from the time he was about thirty-five feet south of the crosswalk until the time of the accident, he knew that she was in a position of danger from which she could not by the exercise of ordinary care escape, and defendant by the exercise of reasonable care could have prevented injury by stopping his car, since he was only traveling fifteen miles per hour. Hence, this is a proper case for the application of the doctrine of "last clear chance".

█ The language included in paragraph (e) of defendant's first proposition was correct. (*Girdner* v. *Union Oil Co.*, 216 Cal. 197, 202 [13 Pac. (2d) 915].)

The cases of *New York L. Oil Co.* v. *United Railroads,* 191 Cal. 96, 101 [215 Pac. 72], and *Thompson* v. *Los Angeles etc. Ry. Co.,* 165 Cal. 748, 754 [134 Pac. 709], relied upon by defendant are not in point.

■ There is no merit in the objection set forth in paragraph (f) of defendant's first proposition. The third and fifth elements, which the court stated in its instruction were prerequisites to the application of the doctrine of ''last clear chance'', fully meet defendant's criticism under this point.

■ It was error to give the instructions set forth in defendant's second proposition. (*White* v. *Davis,* 103 Cal. App. 531, 545 [284 Pac. 1086].) The error, however, was not *prejudicial,* in view of the fact that the court repeatedly instructed the jury that plaintiff could not recover if she were contributorily negligent at the time the accident occurred. Such instructions cured the error of which defendant complains. (*Thompson* v. *Baldwin,* 26 Cal. App. (2d) 703, 706 [80 Pac. (2d) 198].)

■ Defendant's third proposition is also without merit. As stated above, there was substantial evidence to support the jury's implied finding that the contributory negligence of plaintiff ceased at a point several feet before the accident occurred and that at the time of the accident she was free from contributory negligence in that she was acting as a reasonably prudent person in looking to her north as she approached the center of Vermont Avenue and that contrary to defendant's version of the case plaintiff did not walk into the side of defendant's car but rather defendant's car swerved to the west and then to the east, striking plaintiff.

Our conclusion on this point makes it unnecessary to consider such cases as *Flores* v. *Los Angeles Ry. Corp.,* 15 Cal. App. (2d) 576 [59 Pac. (2d) 856] ; *Burr* v. *Munson,* 209 Ala. 362, 363 [96 So. 235] ; *Steele* v. *Hamilton,* 218 Mich. 522 [188 N. W. 345] ; *Cline* v. *Cook,* 216 Ky. 366 [287 S. W. 927] ; *Grandy* v. *Southern Pac. Co.,* 9 Cal. App. (2d) 441 [49 Pac. (2d) 1127], all of which cases are factually different from the present case.

For the foregoing reasons the judgment appealed from is affirmed.

Moore, P. J., concurred.

WOOD, J.—I concur in the judgment. In my opinion it was not error to give the instruction set forth in defendant's "second proposition".

A petition by appellant to have the cause heard in the Supreme Court, after judgment in the District Court of Appeal, was denied by the Supreme Court on June 17, 1940.