130 So.2d 388

**MOBILE CITY LINES, INC.**

v.

**J. A. PROCTOR.**

**1 Div. 781.**

Supreme Court of Alabama.

May 25, 1961.

Johnston, McCall & Johnston, Mobile, for appellant.

Brown & White-Spunner, Mobile, for appellee.

COLEMAN, Justice.

This is an appeal from a judgment for the plaintiff in an action for personal injury sustained as a result of a collision between plaintiff, as a pedestrian, and a bus owned and operated by defendant.

The injury occurred in Mobile, on Springhill Avenue at a point approximately one hundred feet west of the intersection of Springhill Avenue and Broad Street. These streets do not cross at right angles. Springhill runs somewhat north of west, but we will speak of it as running east and west. The injury did not occur at a street intersection or at a crosswalk for pedestrians. The hour was approximately 6:30 p. m. and it was dark. We understand, however, that the area was well lighted.

There are six lanes in Springhill Avenue for vehicular traffic, three for eastbound traffic and three for westbound traffic. Each lane is ten feet wide. The westbound lanes are north of the center line of Springhill Avenue. The injury occurred at or near the south line of the northernmost lane, that is, the lane on the extreme right for westbound traffic.

The White Swan Laundry is located on the south side of Springhill Avenue opposite or nearly opposite the point of impact. Plaintiff had been to the laundry. He testified that he came out of the laundry carrying bundles, turned east, saw that he "had the light" at the intersection of Broad and Springhill, and proceeded northwardly across Springhill. He walked between eastbound cars which were stopped on Springhill, came to the center line, saw that he still had the light, "crossed on over and went in a northwest direction from the center line towards the curb and I was struck down by a bus as I was crossing." He never saw the bus.

It appears that the bus had been proceeding north on Broad, had stopped at the intersection of Broad and Springhill and, when the light changed, had turned left into Springhill and proceeded west in the northernmost traffic lane next to the curb.

Plaintiff testified that there were eastbound cars stopped on Springhill but that he did not observe any westbound traffic north of the center line when he crossed it; that he crossed two lines and "almost approached the curb on the north side of the street when I was struck down and I didn't see anything coming to my right."

The bus driver testified that when he first saw the plaintiff, the plaintiff was on the left-hand side of the bus. The driver saw plaintiff out of the left window of the bus by the driver's seat. Plaintiff was coming into the side of the bus. The driver estimated that he was "a foot or two" away from plaintiff "from the time you first saw him to the point of impact." The driver applied brakes immediately when he saw plaintiff coming into the bus. It traveled approximately four feet after the impact. Driver did not blow horn.

Another witness testified that when plaintiff's "body hit the bus it made a turn and he fell face first and by the time he fell the bus was stopped and his feet were at the front wheel of the bus." His head was "more up Springhill Avenue." His feet were approximately at the center of the wheel. The distance from the front bumper of the bus to the front axle is six feet six inches.

Two city detectives were in a car traveling east in the eastbound lane next to the center line of Springhill Avenue. They observed the collision. One detective testified that he was "twelve, fifteen feet, maybe a little more," from the plaintiff when the witness first saw the plaintiff; that he, the witness, observed the bus prior to observing plaintiff and did not see plaintiff until he was "at the side of the bus"; that the bus was traveling twelve to fifteen miles per hour; and that plaintiff came in contact with bus on the left side above the front fender, "between where the front fender

comes around the wheel and the front of the bus." The bus front headlights were burning. The bus driver testified that other bus lights were also burning.

The case was tried on one count charging simple negligence on the part of the defendant's driver and pleas of the general issue and contributory negligence.

### Assignments 1 and 2.

Defendant argues that the court erred in refusing the affirmative charge with hypothesis requested by defendant. Defendant says this was error because the evidence fails to show that the bus driver was guilty of any negligence and further because the evidence shows without dispute that plaintiff was guilty of contributory negligence which proximately caused his injury.

Plaintiff says that the evidence shows that the bus driver was guilty of negligence in that he failed to keep a proper lookout, that the evidence supports a reasonable inference that the negligence of the driver proximately caused the injury, and that the issues as to negligence of the bus driver and contributory negligence of the plaintiff were properly submitted to the jury.

In determining whether the affirmative charge should have been given for defendant, we must consider the evidence in its aspect most favorable to plaintiff; the burden is on the plaintiff to establish negligence by affirmative proof; and negligence will not be inferred by the mere showing of an accident resulting in personal injury. Howell v. Roueche, 263 Ala. 83, 81 So.2d 297.

As we understand plaintiff's brief, he does not claim any right to recover for subsequent negligence.

Plaintiff was crossing at a point other than within a marked crosswalk or within an unmarked crosswalk at an intersection and was enjoined by statute to yield the right of way to all vehicles on the roadway. Section 16, Act No. 516, 1949 Acts, page 743; Pocket Parts, Code 1940, Title 36, § 58(16). Notwithstanding plaintiff's statutory duty to yield the right of way, the bus driver was under a duty to exercise due care to avoid colliding with any pedestrian on the roadway and to sound the horn when necessary and to exercise proper precaution upon observing any child or confused or incapacitated person on the roadway. Section 17, Act No. 516, supra; Title 36, § 58(17). Prior to the statute, this court had said it is a well-established general rule that a driver of an automobile owes a duty to pedestrians to look and reasonably care for the rights of others upon the public highway, not only at street crossings, but between intersections thereof. Shafer v. Myers, 215 Ala. 678, 680, 112 So. 230.

We are of opinion that this case is distinguishable from cases cited by defendant involving pedestrians injured by motor vehicles, where the court held that the affirmative charge with hypothesis should have been given for defendant in actions charging simple negligence. In Howell v. Roueche, supra, the injury occurred in a parking lot where the driver was not on notice that children were likely to be present and the driver did not see the child until after the injury. In Burr v. Munson, 209 Ala. 362, 96 So. 235, the pedestrian, a woman, moved from center of roadway into the car and defendant did not see the pedestrian until after the injury. The distance she moved does not appear from the opinion. The opinion states that there was no evidence that defendant either drove the car against her or negligently permitted the car to strike her. Apparently the facts were such that no inference could be drawn that defendant negligently failed to keep a lookout, whereas in the instant case we think the evidence does permit such an inference. In Newman v. Katz, 112 N.J.L. 49, 169 A. 643, as defendant's truck was crossing the crosswalk, plaintiff, when out of the line of defendant's vision, stepped off curb, took three steps, and walked into the side of defendant's truck about midway of its right side.

In the case at bar we are of opinion that the issues were for the jury as to whether the bus driver was negligent in failing to keep a lookout and in exercising due care, and whether his negligence, if such there was, proximately caused plaintiff's injury; and also, it was for the jury to say whether plaintiff exercised due care for his own safety, and if he did not, whether his own negligence proximately contributed to the cause of his injury. Accordingly, we hold that the court did not err in refusing the affirmative charges requested by defendant.

### Assignment 3.

Defendant assigns as error the action of the court in overruling objection to a question propounded by plaintiff to his witness, Dr. Yeager, as follows:

"Q. Now did you find anything wrong with this bone up above his eye here? A. Not on examination. X-rays revealed a fracture there.

"Q. All right sir, now, were there any X-rays made of Mr. Proctor? A. There were several X-rays made.

"Q. Did you examine these X-rays? A. Yes, I did.

"Q. What did these X-rays show to you?

"Mr. McCall: We object. The X-rays are the best evidence.

"The Court: Overruled. His knowledge of the X-rays, explaining. They are the best evidence but he can be questioned as to the X-rays.

"Mr. McCall: We except."

X-ray photographs which are relevant and properly authenticated are admissible in evidence and may be more valuable evidence when explained to the jury by a person skilled in reading them. Demopolis Telephone Co. v. Hood, 212 Ala. 216, 219, 102 So. 35; City of Birmingham v. Mauzey, 214 Ala. 476, 108 So. 382; Crocker v. Lee, 261 Ala. 439, 74 So.2d 429; but irrelevant X-rays are improperly admitted, Southern Ry. Co. v. Lockridge, 222 Ala. 15, 130 So. 557. The objection here is that the witness was permitted to testify as to what the X-rays showed without producing the X-rays, thus depriving defendant of opportunity of seeing them, or cross-examining the witness as to what they showed, or having defendant's own expert examine the X-rays.

We are of opinion that the court erred in overruling defendant's objection.

"* * * The picture was, of course, the best and only evidence of what it did or did not reveal. And, while it is matter of common knowledge that the correct reading of such a picture is a thing for experts, there could be no proper cross-examination of an expert interpreter in the absence of the thing interpreted." Jolman v. Alberts, 192 Mich. 25, 158 N.W. 170, 173.

In view of the fact, however, that the witness operated on plaintiff and treated him extensively for seven months, we are of opinion that the error is not ground for reversal. Rule 45. The following statement is appropriate here:

"* * * We do not sanction a ruling of the trial court permitting a witness to give evidence, over a proper objection, of what he found to be shown by X-ray plates not produced in court and not shown by competent proof to be correct representations of the portion of the body examined by aid of the X-rays; when it appears that the evidence thus admitted affects the substantial rights of the parties, such ruling would be error.

"But the exception in the case before us, construed most beneficially to defendant, relates to form rather than to substance. The defendant's physicians testified to serious and permanent injuries to plaintiff. There is not the slightest suggestion in the case that

plaintiff's witnesses placed any reliance on the X-ray plates, except to confirm a diagnosis made independently thereof, the accuracy of which is not seriously questioned. Under the circumstances we find no exception affecting the substantial rights of the parties in this case which calls for a reversal of the judgment." Marion v. B. G. Coon Construction Co., 216 N.Y. 178, 110 N.E. 444, 446.

### Assignment 4.

Defendant assigns as error the giving of plaintiff's requested Charge 6 which recites as follows:

"6. The court charges the jury that actionable negligence consists in the neglect of the use of ordinary care and skill toward a person to whom the defendant owes the duty of observing ordinary care and skill, by which neglect plaintiff has suffered injury to his person."

Defendant points out that the charge defines actionable negligence as neglect of defendant to use ordinary care "by which neglect" plaintiff suffered injury and fails to limit actionable negligence to that neglect which is the proximate cause of plaintiff's injury.

However negligent a person may have been in some particular, he is liable only to those who may have been injured by reason of such negligence, as the proximate cause. Where some independent agency has intervened and been the immediate cause of the injury, the party guilty of negligence in the first instance is not responsible. The proximate cause of an injury is the primary moving cause without which it would not have been inflicted, but which, in the natural and probable sequence of events, and without the intervention of any new or independent cause, produces the injury. Smith v. Alabama Water Service Company, 225 Ala. 510, 143 So. 893.

Charge 6 does not limit actionable negligence to that neglect which proximately causes injury but includes also neglect which, with the intervention of an independent cause, produces the injury. Under Charge 6 the jury could find the defendant liable for plaintiff's injury if it resulted from the negligence of the bus driver, notwithstanding the negligence of the plaintiff himself had intervened.

"* * * 'To constitute actionable negligence, there must be not only causal connection between the negligence complained of and the injury suffered, but the connection must be by a *natural and unbroken sequence,* without intervening, efficient causes; so that, but for the negligence of the defendant, the injury would not have occurred. It must not only be *a* cause, but it must be the *proximate,* that is, the direct and immediate, efficient cause of the injury.'" Western Railway of Alabama v. Mutch, 97 Ala. 194, 196, 11 So. 894, 895, 21 L.R.A. 316. Giving Charge 6 was error.

### Assignment 5.

Defendant assigns as error the giving of plaintiff's requested Charge 12 which recites as follows:

"12. The court charges the jury that if you find from the evidence that plaintiff is entitled to recover in this case, you may award him such damages as will be a fair equivalent in money for the mental and physical pain that plaintiff suffered, or that is reasonably certain he may have endured, if any, and a fair equivalent for the permanent impairment of his ability to perform the ordinary duties of life as a natural result of the injuries complained of."

Defendant contends that Charge 12 invades the province of the jury by assuming that plaintiff suffered mental and physical pain and suffering, and impairment of his ability to perform the ordinary duties of life.

■■ In charging juries it is improper to assume, or state as fact, any material matter which depends on the sufficiency of oral testimony for its establishment, but this rule has a well-defined exception. When the record affirmatively shows that certain facts are clearly shown and not disputed, then it is not error if they be assumed in the charge to be facts, and stated as such without hypothesis. If there is any conflict in the testimony, or if the testimony is of such indeterminate character as that inferences must be drawn to make up its completeness, then such fact, or assumed fact, cannot be given in the charge without hypothesis. Carter v. Chambers, 79 Ala. 223; Grammer v. State, 239 Ala. 633, 196 So. 268.

■ That plaintiff suffered severe physical injury is clearly shown by the record. We do not think it can be disputed that he suffered mental and physical pain. Therefore, Charge 12 was not objectionable in assuming that fact.

As to the permanent impairment of plaintiff's ability to perform the ordinary duties of life, however, the testimony is of such indeterminate character as that inferences must be drawn to establish such impairment of plaintiff's ability. The charge is objectionable in assuming that plaintiff had suffered such impairment of his ability and should not have been given.

■ Plaintiff asserts that even if giving Charge 12 be error, it is not reversible error because such error cannot be predicated on the giving of a requested charge when instructions to the same effect in the court's oral charge were not excepted to, citing Weeks v. Weeks, 39 Ala.App. 159, 96 So.2d 453. We do not understand the Weeks case to so hold. There was no requested charge considered in the opinion. As it seems to us, the holding is that failure to except to a portion of the oral charge constitutes a waiver of error therein. Section 818, Title 7, Code 1940, provides that it is not necessary for a party to except to the ruling of the court in giving a charge requested in writing and, if the charge is given, an exception by the other party is presumed, etc. Plaintiff's insistence is without merit.

■ Charge 12 might well have been refused because of failure to use the words "reasonably satisfied from the evidence" instead of "find from the evidence," Alabama City, Gadsden & A. Ry. Co. v. Bessiere, 190 Ala. 59, 66 So. 805, but this court has held that neither the giving nor the refusal of such a charge will, as a rule, work a reversal. Calvert v. Bynum, 255 Ala. 172, 50 So.2d 731.

■ It appears that Charge 12 is subject to the further objection that under it the jury were permitted to award damages for pain and suffering endured by plaintiff without regard to causal connection between the pain and suffering and any act of defendant or its employee. Birmingham Ry., Light & Power Co. v. Moore, 2 Ala. App. 499, 56 So. 593; Adams v. Crim, 177 Ala. 279, 58 So. 442.

Assignment 6.

■ Plaintiff's Charge 13 instructs the jury that in estimating plaintiff's damages, the jury may take into consideration, among other elements, "doctors and medicine bills reasonably incurred." The amended complaint does not allege that plaintiff has incurred any medical expenses nor does it claim damages therefor.

This court has held that damages for the cost of medical treatment cannot be recovered unless specially claimed. Irby v. Wilde, 150 Ala. 402, 43 So. 574; St. Louis & S. F. Ry. Co. v. Trice, 202 Ala. 352, 80 So. 434; Atlantic Coast Line R. Co. v. Watson, 215 Ala. 254, 110 So. 316; Mobile Light & R. Co. v. Fuller, 18 Ala.App. 301, 92 So. 89. Charge 13 is bad in allowing re-

covery for special damage not alleged and giving it was error.

Plaintiff argues that defendant cannot on this appeal complain of the error in Charge 13 because defendant did not object to evidence as to medical expenses, did not except to oral charge permitting recovery for medical expenses, and did not move for new trial on ground that verdict was excessive. We do not agree.

Failure to object to evidence is waiver of error in admitting it, but is not a waiver of the right to have the jury correctly instructed as to the elements of damage recoverable under the pleadings. We have already expressed the view that failure to except to the oral charge was not a waiver of the statutory exception provided by § 818, Title 7, to an erroneous given charge. The error here complained of is not as to refusal of the affirmative charge because of a variance between pleading and proof, or as to excessiveness of the verdict. The error is the giving of an erroneous written charge, and motion for new trial is not necessary to preserve the right to review that error on appeal. In Travis v. Hubbard, 267 Ala. 670, 104 So.2d 712, we held that rulings on admission or rejection of evidence may be reviewed on appeal without a motion for a new trial. We are of opinion that under § 818, Title 7, rulings on the giving or refusing of requested written charges may also be reviewed on appeal without a motion for a new trial.

### Assignment 7.

 Defendant assigns as error the giving of plaintiff's requested Charge 15, which instructed the jury that plaintiff, if entitled to recover, might recover for mental and physical pain and suffering. The objection made by defendant is that, because there is no allegation in the complaint as to mental and physical pain and suffering and no claim for damages therefor, plaintiff is not entitled to recover for these items.

General damages are such as naturally and necessarily flow from the wrong act, while special damages are such as naturally, but do not necessarily flow from it. General damages do not have to be pleaded in order to give defendant notice that they will be proved at the trial, for they are implied by law and defendant is supposed to know and can prepare to defend as to all damages that necessarily result from the wrong done. Special damages have to be set out and claimed in the complaint so that defendant may have proper notice of them and opportunity to prepare to meet the proof as to them. Waters v. Weintraub, 255 Ala. 530, 52 So.2d 510.

The complaint alleges that as the proximate result of the negligence of defendant's employee plaintiff suffered severe personal injuries in that " * * * his right shoulder was fractured * * * his skull was fractured causing him to become partially blind in both eyes * * *." We think mental and physical pain and suffering were such damages as naturally and necessarily flow from the injuries which are alleged to have resulted from the wrong act charged against defendant, and therefore, are general damages. It follows that recovery could be had for mental and physical pain and suffering under the allegations of the complaint, and Charge 15 is not subject to the objection urged against it.

### Assignment 18.

 Defendant assigns as error the refusal of its requested Charge 14, which recites as follows:

"14. The Court charges the jury that you cannot return a verdict for the Plaintiff under Count 1 of the Complaint, as amended, unless you are reasonably satisfied from the evidence that the Defendant's bus operator was guilty of negligence which was the

sole and proximate cause of the Plaintiff's injury."

The charge permits plaintiff to recover only if the bus operator's negligence was the "sole *and* proximate" cause of injury. It is apparent that the operator's negligence, if any, was not the sole cause. The act of plaintiff in crossing the street was certainly a cause in the sense that unless he had started to cross, the injury would not have occurred as it did. Plaintiff's act would not bar recovery unless it proximately contributed to the cause of the injury. Under Charge 14, however, the jury might consider plaintiff's act as a remote cause, and if they did so consider it, then they might find that the bus operator's negligence was not the sole cause, although it was the only proximate cause, and thus deny recovery. Consequently, we are of opinion that refusal of Charge 14 was not error.

### Assignment 24.

Defendant excepted to a portion of the oral charge relating to contributory negligence. In brief, defendant points out two sentences as being the part excepted to. We do not think that the first sentence is subject to the objection urged against it. While the second sentence may be and probably is subject to defendant's objection, we are of opinion that defendant's exception does not embrace that sentence.

### Assignments 8–17, 19–23, 25.

The other charges refused to defendant were covered by the oral charge or other given charges, or were correctly refused. Inasmuch as the judgment must be reversed for errors 4, 5, and 6, we forego consideration of the ruling on the motion for new trial.

Reversed and remanded.

LIVINGSTON, C. J., and SIMPSON and GOODWYN, JJ., concur.