### STEELE v. HAMILTON.

NEGLIGENCE—PERSONAL INJURIES—CONTRIBUTORY NEGLIGENCE.

> In an action for personal injuries caused to plaintiff at a street intersection by defendant's automobile, where a reading of the record is convincing that plaintiff was unmindful of her surroundings in a busy section of the city, that she failed to use the care that should have been exercised by an ordinarily prudent person, and was therefore guilty of contributory negligence, the judgment in her favor will be reversed. CLARK and MOORE, JJ., dissenting.

Error to Wayne; Goff (John H.), J. Submitted April 5, 1922. (Docket No. 10.) Decided June 5, 1922.

On duty of pedestrian to look out for automobiles, see notes in 3 L. R. A. (N. S.) 345; 20 L. R. A. (N. S.) 232; 38 L. R. A. (N. S.) 488; 42 L. R. A. (N. S.) 1179.

On duty of pedestrian before crossing street to look for vehicles approaching on intersecting street, see note in 9 A. L. R. 1248.

Case by Alice Steele against James Hamilton for personal injuries. Judgment for plaintiff. Defendant brings error. Reversed.

*Walter M. Nelson,* for appellant.

*Clarence P. Milligan,* for appellee.

BIRD, J.    Plaintiff recovered a judgment for $500 against defendant in the Wayne circuit court for having run his automobile into her as she was attempting to cross Lafayette street.    Counsel contends that defendant should have had a directed verdict because of plaintiff's failure to show his negligence, and upon the further ground that she herself was guilty of negligence.    Under our view of the case it will be necessary to discuss only the latter contention.

The accident happened at or near the intersection of Griswold and Lafayette streets, in the city of Detroit.    Griswold street extends north and south. Lafayette extends east and west, and its eastern terminus is Griswold street.    Plaintiff, on the day in question, was proceeding north on the west side of Griswold street.    When she reached the south curb of Lafayette, she claims she looked for approaching vehicles but saw none, and also observed that the semaphore was turned against east and west traffic.    She started across, and when about 20 feet from the south curb she was struck by defendant's automobile and thrown to the pavement and dragged for a short distance.    As a result her clothing was badly torn and she was bruised more or less, but not otherwise seriously injured.

Plaintiff was of the opinion that she was struck by the side of the automobile.    She was confused at the time and her memory of just how the accident happened appeared to be somewhat hazy.    A pedestrian by the name of Curtis, who was traveling in the same

direction, and was at her left, gives a very clear account as to what happened.   He says he was traveling north on Griswold street and when he reached Lafayette street he was at her left; that he saw the car and waited for it to pass and saw it strike her. That she was struck by that part of the car where the fender joins the running board.   That when the collision took place she was thrown to the pavement. That he went to her aid and assisted her in getting up and helped to arrange for sending her home.   No one else appears to have seen just what happened except the defendant.

It is exceedingly difficult to read the record evidence of this accident and avoid the conclusion that plaintiff was unmindful of her surroundings and ran into the automobile.   It is obvious that the car occupied that part of the street immediately in front of her before she did, and had she been making the use of her eyes that most people do when traveling in a busy section of the city, she would have seen the car in season to have stopped before it struck her.   Had she been struck by the front of the machine there would be room for her to contend that she occupied the street first but could not avoid the on-coming car, but when she was struck by the side of the car no such contention can reasonably be made.   There is some conflict in the testimony as to whether the semaphore was turned against the east and west traffic, but if we concede that it was, that fact did not wholly relieve plaintiff of exercising ordinary care and using her eyes in the ordinary way to protect herself from collisions.   We are of the opinion that the evidence, as it appears in the record, was such that the trial court should have directed a verdict for the defendant on the ground that plaintiff herself was guilty of negligence, as a matter of law.

The judgment is reversed and a new trial granted. Defendant will recover his costs.

FELLOWS, C. J., and WIEST, McDONALD, SHARPE, and STEERE, JJ., concurred.

MOORE, J. (*dissenting*). I think the case presented a question of fact which was properly submitted and should be affirmed.

CLARK, J., concurred with MOORE, J.