**PARKER v. THOMPSON.**

No. 14152.

Court of Appeal of Louisiana. Orleans.

Feb. 27, 1933.

Herman L. Midlo, of New Orleans, for appellant.

Deutsch & Kerrigan & Burke, of New Orleans, for appellee.

HIGGINS, Judge.

Plaintiff seeks to recover damages for personal injuries said to have resulted from being run into and knocked down by the defendant's automobile at the intersection of Carrollton avenue and Palmetto street, this city, on May 12, 1930, about 7 o'clock p. m.

Petitioner charges the driver of the defendant's car with negligence in the following respects:

That he failed to keep a proper lookout and to sound his horn and to accord plaintiff the right of way granted him, as a pedestrian, at the intersection, by the city traffic ordinance, No. 7490, C. C. S.

Defendant answered, denying liability and averring that his automobile approached the intersection at a moderate rate of speed, and that plaintiff suddenly ran from between two trucks into the left side of his car without any warning whatsoever, and, in the alternative, pleaded contributory negligence.

There was judgment in favor of the defendant dismissing the suit, and plaintiff has appealed.

The plaintiff is the sole witness in his behalf. He testified that he was standing on the downtown river corner of Palmetto street intending to cross the riverside roadway of Carrollton avenue in order to get to the neutral ground for the purpose of boarding a street car that was going in the direction of Canal street; that as certain improvements were being made on the lakeside roadway of Carrollton avenue, the traffic had been routed to the riverside roadway of that avenue, of which fact he was apprised because he lived in that neighborhood; that before leaving the sidewalk he looked in both directions on Carrollton avenue to see if any vehicles were approaching; that a truck was approaching from the direction of St. Charles avenue going down town, but that no automobile was in view on Carrollton avenue going toward St. Charles avenue; that the roadway of Carrollton avenue was twenty-four feet three inches in width, and that he had traversed about sixteen feet of it when the left front fender of the defendant's car, which was going toward St. Charles avenue on Carrollton avenue, struck him and knocked him down and injured him; that the defendant's car was traveling at a speed of approximately fifteen miles an hour at the time, and stopped within six feet after striking him.

The defendant, his brother, who was driving his car, and his wife, who was riding with them, were the only witnesses for defendant. They testified that there were two lines of traffic on Carrollton avenue on the riverside roadway on account of traffic being detoured in that direction because of certain improvements being made on the lakeside roadway of Carrollton avenue; that the defendant's car was being driven on the riverside roadway of Carrollton avenue toward St. Charles avenue at a speed between ten and fifteen miles an hour, and, due to the fact that the traffic was heavy, the driver of the defendant's car was required to bring it to a stop several times; that as it approached the intersection of Palmetto street plaintiff suddenly ran out from between two trucks toward the neutral ground and outside of the usual path that pedestrians use at that corner, and ran into the left side of the defendant's car at a point where the hinges of the front door are located, causing a large dent in the side of the car (which was verified by the photographs that were introduced in evidence); that the driver of the defendant's car immediately brought it to a stop within

six feet from the point of the impact; that the plaintiff was placed in the car and taken to the Charity Hospital for treatment; that plaintiff admitted that he was entirely at fault because he was in a hurry to cross the intersection in order to catch the street car to keep an appointment down town.

Counsel for plaintiff has laid great stress upon the provisions of paragraph 2 of section 1 of article 7 of the traffic ordinance, No. 7490, C. C. S., which gives the right of way to a pedestrian at an intersection when he holds up his hand as an indication that he intends to cross ahead of an on-coming car, but it was not shown that the plaintiff ever held up his hand, and, as a matter of fact, we find that he ran into the side of the automobile. We might further add that the paragraph of the ordinance cited also states that the right of way given to the pedestrian shall not entitle him to enter or cross the intersection regardless of approaching traffic.

The trial judge accepted the defendant's and his witnesses' appreciation of the facts concerning the accident, and rejected the plaintiff's narration of how it happened. We have carefully read the record, and our views coincide with those of our learned brother below. Huddy on Automobiles, vols. 5 and 6, p. 154; Steele v. Hamilton, 218 Mich. 522, 188 N. W. 345.

For the reasons assigned, the judgment appealed from is affirmed.

Affirmed.